[No. 10,379.]

## THE PEOPLE *v.* F. A. SPRAGUE.

REFUSAL TO SETTLE BILL OF EXCEPTIONS.—In a criminal case, the District Judge may refuse to consider or settle a bill of exceptions presented by defendant, unless the notice required by sec. 1171 of the Penal Code has been given to the District Attorney.

APPEAL from the District Court of the First Judicial District, Ventura County.

The defendant was convicted of murder, and, judgment having been rendered, appealed. His counsel did not prepare and present the draft of a bill of exceptions, with notice to the District Attorney, as required by sec. 1171 of the Penal Code, and the Court refused for that reason to settle the bill of exceptions. He gave no notice to the District Attorney. The second bill of exceptions alluded to in the opinion was a full copy of the Reporter's notes. The other facts are stated in the opinion.

*Creed Haymond, James D. Fay, Hines & Brookes, N. C. Bledsoe,* and *W. W. Allen,* for Appellant.

*L. C. Granger, W. F. Williams, Frank Ganahl, B. F. Williams, James G. Howard,* and *N. Bloodstock,* for Respondent.

By the Court, McKINSTRY J.:

The District Judge was fully justified in refusing to settle and certify the *bills of exceptions* (so-called) filed on the 16th and 18th of September. The first was a mere *skeleton*, containing no statement of evidence or rulings; the second was in the form pronounced "reprehensible" in *People* v. *Getty*, 49 Cal. 584. Another circumstance made it the duty of the Judge to refuse to consider the bills proposed by the defendant. No notice was given to the District Attorney of defendant's intention to present either of the two drafts, as required by sec. 1171 of the Penal Code. That section, as amended, is as follows: "Where a party desires to have the exceptions taken at the trial settled in a bill of exceptions, the draft of a bill must be prepared by him and presented, upon notice of at least two days to the District Attorney, to the Judge for settlement, within ten days after the trial of the cause, unless further time is granted by the Judge, or by a Justice of the Supreme Court, or within that period the draft must be delivered to the Clerk of the Court for the Judge. When received by the Clerk, he must deliver it to the Judge, or transmit it to him at the earliest period practicable. When settled, the bill must be signed by the Judge and filed with the Clerk of the Court."

A clause of the section provides that the delivery of the draft bill of exceptions to the *Clerk* shall be the equivalent of a presentation of it to the Judge personally; but defendant cannot relieve himself of the necessity of serving notice on the District Attorney by handing the draft to the Clerk. The evident purpose of the section is that the District Attorney shall, in every case, have an opportunity to suggest amendments.

After the time for presenting or filing a bill of exceptions had expired, defendant's counsel moved the District Judge to set aside his order striking out and refusing to consider or settle the two bills formerly proposed, or, as an alternative, for leave to file a bill " to conform to the views of the Judge." This motion was made without any notice to the District Attorney, and without presenting any bill supposed "to conform to the views of the Judge" or otherwise.

In *People* v. *Lee*, 14 Cal. 510, it was said: " We held (in *People* v. *Woppner*, 14 Cal. 437) that the statute directing the statement' or bill of exceptions to be settled within ten days, and signed by the Judge, in a criminal case, was directory merely, observing that it would be giving great rigor to the rule to hold the prisoner absolutely concluded of his rights by the failure of a Judge to settle or sign a statement within a limited time. * * * * * A variety of circumstances—even when the utmost diligence has been exercised—may prevent the settlement and signature. The destruction, by fire or other accident, of the records, the sickness or death of counsel or Judge, may intervene. To hold that the rights of the prisoner would be absolutely lost, under circumstances of this nature, would be to sink the evident spirit and intent of the statute into an observance of its mere letter. But though the statute is only directory upon the Judge, it is not on that account to be the less observed by him. It was intended to prevent delays, and to require the preparation and settlement whilst the evidence and rulings of the Court are fresh in the recollection of the Judge and counsel. For that purpose the defendant must prepare his bill, and tender it within the time designated, or such additional time as may be granted by the District Judge or a Judge of the Supreme Court, or give good and sufficient excuse for his failure to do so. *When such excuse is shown, the Judge should settle and sign the bill ; otherwise not.* When the record is before us we will not inquire into the reasons which may have induced his action in signing the same after the statutory period, but will presume they were sufficient. The power exists with the Judge independent of the statute—the latter only prescribes a general limitation, within which his power should be exercised, unless good excuse—having in view the object of the statutory provision—be exhibited. The statute is in this respect not unlike a rule of Court to be enforced to advance the ends of justice, and not to prevent their attainment."

We are satisfied with the views expressed in the foregoing citation. If, on notice to the District Attorney, a bill of exceptions had been presented to the District Judge, (or delivered to the Clerk) after the expiration of the time limited by the statute,

and the District Judge *had settled it*, we would have assumed here that the defendant had shown reasons for the delay satisfactory to the Judge. So, perhaps, had he refused to settle the bill presented or filed, we would on appeal have reviewed his action by an examination of the affidavits used at the hearing of the application. But as we have seen in the present case, no bill of exceptions has been presented or filed with the Clerk since the expiration of the time within which defendant—without excuse for delay shown—was authorized to present or file a bill. There is no provision in the Criminal Practice Act for an application for leave to "prepare a bill." If, for sufficient reasons, counsel has not been able to prepare a bill of exceptions within the statutory time, one should be prepared as soon as may be afterward, and be presented or filed, (after notice to the District Attorney) accompanied by affidavits accounting for and intended to excuse the delay.

When it is intended to apply for the settlement of the bill of exceptions, after the expiration of the statutory period, the two days' notice should be given to the District Attorney. First—because sec. 1171 of the Penal Code requires such notice, whenever a bill of exceptions shall be presented or filed; and second, because that officer should have an opportunity not only to propose amendments to the draft-bill, but also to contradict the statements in the affidavits on which the application is based, or otherwise to prove that unnecessary delay has occurred.

Orders affirmed.