[No. 14772. In Bank. — May 12, 1892.]

## ESTHER BROWN, Petitioner, *v.* J. E. PREWETT, Judge of the Superior Court, Respondent.

Criminal Law — Bill of Exceptions — Directory Statute — Excusable Delay in Presenting Bill — Duty of Judge. — The practice in preparing and presenting bills of exceptions in criminal cases is regulated by section 1171 of the Penal Code; but the rule of the statute as to time of presenting the bill is directory, and the judge has power to settle a bill presented after the lapse of the statutory time, or of the time granted in addition thereto, and it is his duty to settle it, if the failure to comply with the statute is shown to have been unavoidable or excusable; but if the delay is not excused, the judge may and ought to deny the application.

Id. — Excusable Delay a Question of Fact — Discretion — Mandamus. — Whether or not the delay of a party in presenting a bill of exceptions is excusable is a question of fact to be determined by the judge acting judicially upon the evidence submitted *pro* and *con*, and his decision cannot be controlled by *mandamus*, unless his refusal to act involves an abuse of discretion.

Id. — Blamelessness of Defendant. — The fact that a defendant in a criminal action is personally blameless for delay in presenting a bill of exceptions, although a fact to be considered by the trial judge in determining his action in settling the bill, is not conclusive.

Application to the Supreme Court for a writ of *mandamus* to the judge of the Superior Court of Placer County. The facts are stated in the opinion of the court.

*J. M. Fulweiler*, for Petitioner.

Absence of counsel on account of sickness is a sufficient ground for continuance. (*People* v. *Logan*, 4 Cal. 188.) Also sickness of family. (*Thompson* v. *Thornton*, 41 Cal. 626.) Section 1174, as to time, is only directory. (*People* v. *Woppner*, 14 Cal. 437; *People* v. *Lee*, 14 Cal. 510; *Wood* v. *Forbes*, 5 Cal. 62; *Shaw* v. *Randall*, 15 Cal. 385; *People* v. *Lake Co.*, 33 Cal. 487; *People* v. *White*, 34 Cal. 188.) The judge ought always to relieve parties, situated as the defendant is, from any omission of counsel in the preparation of papers for the appellate court, where no fault is imputable to defendant. (*People* v. *Kahl*, 18 Cal. 433. See also *State* v. *Salge*, 1 Nev. 456; *State* v. *Baker*, 8 Nev. 141.)

*A. K. Robinson, F. P. Tuttle*, and *W. H. H. Hart*, for Respondent.

Though directory, the statute is none the less to be observed by the judge. (See *People* v. *Lee*, 14 Cal. 510.) The discretion to be exercised by the judge is intended to be a sound judicial discretion founded upon a just and legal ground of excuse, as contradistinguished from mere assertion of will power on the part of the individual. (See *January* v. *Superior Court*, 73 Cal. 540; *Williard* v. *Dillard*, 86 Cal. 157.) *Mandamus* will not lie to compel the judge to settle a bill of exceptions after the expiration of the ten days mentioned in section 1171 of the Penal Code, and any period fixed by order extending the time for presenting or filing such bill; and the judge, on the examination of the affidavits accompanying the bill, and purporting to account for and excuse the delay, declines to settle the bill. (See *Sprague* v. *Fawcett*, 53 Cal. 408; see also *People* v. *Sprague*, 53 Cal. 424.) That *mandamus* will not lie to control exercise of discretion in a particular manner, see *Fowler* v. *Peirce*, 2 Cal. 167; *McDougall* v. *Bell*, 4 Cal. 177; *Price* v. *Sacramento Co.*, 6 Cal. 254; *Draper* v. *Noteware*, 7 Cal. 278; *Magee* v. *Supervisors*, 10 Cal. 376; *People* v. *Supervisors*, 11 Cal. 42; *People* v. *Supervisors*, 14 Cal. 102; *McCauley* v. *Brooks*,

16 Cal. 14; *Hart* v. *Johnson*, 17 Cal. 305; *Hall* v. *Supervisors*, 20 Cal. 590; *People* v. *Sexton*, 24 Cal. 78; *People* v. *Pratt*, 28 Cal. 166; *Cariaga* v. *Dryden*, 29 Cal. 307; *Bowers* v. *Sonoma Co.*, 32 Cal. 66; *People* v. *Lake Co.*, 33 Cal. 487; *Lewis* v. *Barclay*, 35 Cal. 213; *Francisco* v. *Manhattan Ins. Co.*, 36 Cal. 283; *People* v. *Sexton*, 37 Cal. 532; *Tilden* v. *Sacramento Co.*, 41 Cal. 68; *Ex parte Cage*, 45 Cal. 248; *Springer* v. *Green*, 46 Cal. 73; *Harris* v. *Supervisors*, 52 Cal. 554; *Sprague* v. *Fawcett*, 53 Cal. 408; *Berryman* v. *Perkins*, 55 Cal. 483; *Cosner* v. *Colusa Co.*, 58 Cal. 274; *Rhodes* v. *Spencer*, 62 Cal. 43; *Elliott* v. *Paterson*, 65 Cal. 110; *Hatch* v. *Stoneman*, 66 Cal. 633.

BEATTY, C. J. — This is an original proceeding by *mandamus* to compel the respondent to settle a bill of exceptions in a criminal case. The cause has been submitted upon a general demurrer to the petition. The facts alleged in the petition, and admitted by the demurrer, are, that on the 19th of January, 1891, the petitioner was accused, by information, of the crime of grand larceny, and was thereupon tried and convicted. After some delays, granted for the purpose of enabling the official reporter to transcribe his short-hand notes of the testimony, a motion for a new trial was submitted and overruled, and sentence pronounced on May 16, 1891. The petitioner at once appealed from the judgment and order, obtained the certificate of respondent that there was probable cause for the appeal, and an order admitting her to bail, and fixing the amount thereof pending the appeal.

Up to this point the petitioner had been represented in all stages of the prosecution by one of two members of a firm of attorneys. Both were nominally her counsel, but actually the case had been conducted by one of them exclusively, and the other was entirely unfamiliar with it. The evidence was voluminous, covering some eight hundred type-written pages.

From the date of the judgment, May 16th, to June 3d, a period of eighteen days, the attorney who had repre-

sented petitioner as her counsel was sick, and although able on two or three occasions to appear in court, was too infirm to undergo the labor of reducing the reporter's notes of the trial to the form of a bill of exceptions, and his partner, also nominally of counsel, made no effort to do so, apparently because he was not familiar with the case.

On June 3d, another attorney was substituted as counsel for petitioner. He, on July 15th, prepared and served a draft of a bill of exceptions on the district attorney, who inadvertently, as he claims, accepted service without reserving any objection that it had not been made in time. Within an hour afterwards, however, and while the paper was still in the possession of counsel for petitioner, he took it, and, without the consent of said counsel, qualified his acceptance of service by adding the words, "without waiving objection that time has expired." An attorney, acting as special counsel for the people, and aiding the district attorney in the prosecution, was present at this interview, and then and there stated to counsel for petitioner that he would not insist upon the point that the bill had not been filed or presented in time.

On July 27th, the district attorney having proposed no amendments, counsel for petitioner gave him notice that on August 3d he would present the bill to respondent for settlement, which he accordingly did; but the respondent refused to settle it, on the ground that the delay in presenting it was without excuse. Thereupon counsel for petitioner asked and obtained leave to file affidavits excusing the delay. On August 13th he filed his affidavits, and thereafter the district attorney filed counter-affidavits on the part of the people, all of which are set out in the petition. By these affidavits the facts above stated were shown, and it was also shown that the substituted counsel for petitioner, during the forty-two days that elapsed between his appointment and the service of his proposed bill of exceptions, had been sick for six or seven days; that he had been kept at the bedside of his wife for twelve other days by her serious illness, and had

been busily engaged upon other cases in court for ten other days, leaving him only thirteen clear days, including Sundays, to devote to the examination of the voluminous proceedings in a case with which he was entirely unfamiliar, and the preparation therefrom of a condensed statement of his exceptions, and the evidence pertinent thereto. The bill so proposed, or a copy of it, is filed as an exhibit with the petition, and covers thirty-five typewritten pages. There was never any application to the respondent, or agreement on the part of the people, to extend the statutory time for presenting the bill of exceptions.

The respondent, having decided upon this showing that the delay in presenting the bill was not excused, and having therefore refused to settle and certify it, the question is, whether he can now be compelled by *mandamus* to do so.

The practice in preparing and presenting bills of exceptions in criminal cases is regulated by section 1171 of the Penal Code, as follows: " When a party desires to have the exceptions taken at the trial settled in a bill of exceptions, the draft of a bill must be prepared by him and presented, upon notice of at least two days to the district attorney, to the judge for settlement within ten days after judgment has been rendered against him, unless further time is granted by the judge, or by a justice of the supreme court, or within that period the draft must be delivered to the clerk of the court for the judge. When received by the clerk, he must deliver it to the judge, or transmit it to him at the earliest period practicable. When settled, the bill must be signed by the judge, and filed with the clerk of the court." When the course here indicated is pursued, a plain statutory duty is cast upon the judge to settle the bill, and the party appealing has an absolute right to demand its settlement, which can be enforced by *mandamus*. But when, as in this case, the statute is wholly disregarded by the party seeking to avail himself of its privileges, his right to demand a settlement of the bill

becomes conditional and dependent upon his ability to prove that his negligence is excusable. Whether it is or not is a question to be determined by the judge acting judicially upon the evidence submitted *pro* and *con*, and his decision cannot be controlled by *mandamus*, unless his refusal to act involves an abuse of discretion.

It is conceded that the rule of the statute is directory merely; that the judge of the superior court has the power to settle a bill of exceptions in a criminal case presented after the ten days prescribed by the statute, and after such additional time as may have been granted by him, or by a justice of this court, and even in a case like this, where it is presented long after the lapse of the statutory time, and no effort has been made to procure an extension. It is also conceded that he not only has the power to settle a bill so presented, but that it is his duty to settle it, if the failure to comply with the statute is shown to have been unavoidable or excusable. But on the other hand, the rule, though directory, was intended to be enforced in proper cases, and it is the duty of the courts to uphold it. It was meant to avoid unnecessary delays, and to enable the judges to settle bills of exceptions while the facts are fresh in their memory. It is, moreover, wholly inconsistent with the notion that a defendant in a criminal action, after appealing and giving bail pending the appeal, can take his own time in bringing the appeal to a hearing. Obviously, there must, in such cases, be some limit of time within which the defendant should present his bill of exceptions. The statute has prescribed such a limit, which may, for good cause, be extended by the judge of the superior court, or by a justice of this court. If not presented within such time, the bill may still be settled, if the court, in the exercise of its discretion, finds that the delay is excused. But if the delay is not excused, the court not only may, but ought to, deny the application. Therefore, we repeat, the respondent cannot be compelled by *mandamus* to settle the bill of exceptions in this case, unless his decision that the delay in presenting it was

without sufficient excuse is so clearly wrong as to amount to an abuse of discretion. (*Sprague* v. *Fawcett*, 53 Cal. 406.)

We do not think the case discloses any abuse of discretion. The circumstances connected with the service of the bill on the district attorney, and the remarks of the special counsel for the people, did not constitute a waiver of the delay, even if they had the power to bind the court by such waiver, which we very seriously doubt. Before the petitioner or her counsel had taken or omitted any step in consequence of his first and unqualified acceptance of service, the district attorney had qualified such acceptance with a distinct statement that he did not waive the objection that the bill was not in time, and this, we think, was a sufficient warning, aside from the statute, that the petitioner must be prepared to excuse her delay when the bill was presented. The fact that the petitioner was herself blameless was one which certainly should have had great weight with the judge in determining his action, but it was not conclusive. For failure or neglect in matters of procedure in criminal cases, the blame scarcely ever attaches to the defendant, who necessarily depends upon his counsel in the management of his case, but the consequences of such failure must in most instances be borne by the defendant himself.

As to the question whether there was, in fact, an unnecessary and unreasonable delay in presenting the bill for settlement, we do not think the decision of respondent is without substantial evidence to support it. Even conceding that out of the sixty days elapsing between the judgment and the service of the draft on the district attorney, counsel for petitioner had but thirteen days clear of sickness and other imperative engagements, respondent may well be justified in holding that thirteen days was far more than requisite for the preparation of the bill. But this was not all. Instead of following the practice prescribed in the code, and presenting the bill to the judge at once, upon its completion, on two days' notice to the district attorney, counsel for petitioner left

it in the hands of the district attorney for twelve days, and then gave seven days' notice of their application for settlement. And even on the day noticed, they were wholly unprepared to excuse their delay, but had to take ten days longer to prepare and serve affidavits for that purpose. The result of all this was, that instead of the ten days allowed by law, petitioner took nearly ninety days to submit her application, and this without ever having obtained or asked an extension of time. If, under such circumstances, we should hold that the superior judge abused his discretion in deciding that there had been unreasonable delay in presenting the bill, we do not see where we could draw the line, or what rule would be left for the guidance of the superior courts. The result would be to substitute for their discretion our discretion. The statute would no longer serve as a guide. Neglect of its provisions would become common, and the time of the superior judges and of this court would be consumed in the trial of questions which ought rarely to arise.

The writ of *mandamus* is denied, and petition dismissed.

McFARLAND, J., SHARPSTEIN, J., PATERSON, J., and GAROUTTE, J., concurred.