[Crim. No. 23.    Third Appellate District.—February 24, 1906.]

THE PEOPLE, Petitioner, v. LOUIS BLIS, Respondent.

CRIMINAL LAW—BILL OF EXCEPTIONS—EXTENSION OF TIME FOR PRESENTATION—NOTICE TO DISTRICT ATTORNEY—JURISDICTION—PROHIBITION.—The provision of section 1171 of the Penal Code, as amended in 1905 (Stats. 1905, p. 761, c. 569), requiring a notice in writing to be given by the defendant in a criminal case to the district attorney of the intended presentation of his bill of exceptions to the judge "at least two days before such presentation or delivery," and the provisions of section 1174 of the same code as so amended, that the time so specified may be extended for a reasonable period by the trial judge, but only for good cause and upon affidavit showing the necessity therefor, presented upon written notice of at least two days to the adverse party, who shall have the right to file counter-affidavits, and that in no case can the time be extended by stipulation of the parties, are mandatory and not merely directory, and must be substantially observed in order to give the court jurisdiction to settle the bill, and the threatened action of the court to settle a bill which was presented without notice to the district attorney, after the expiration of the time limited therefor, and without an order extending the time for its presentation obtained in the manner required by section 1174, will be restrained by prohibition at the instance of the people.

APPLICATION for a writ of prohibition to the Superior Court of Napa County.   Henry C. Gesford, Judge.

The facts are stated in the opinion of the court.

·  R. Benjamin, District Attorney, for Petitioner.

Bell, York & Bell, for Respondent.

CHIPMAN, P. J.—It appears that defendant was, on the fourth day of August, 1905, duly convicted of the crime of obtaining money by false pretenses.   Thereafter, on ·August 7, 1905, his motion for a new trial was denied, and judgment of conviction ·was thereupon rendered.   On August 8th he served upon the district attorney, and filed in said superior court, notice of appeal.   Thereafter, on August 16th, the judge of said court made an order extending the time in which defendant might prepare and present his bill of exceptions, to and including August 26, 1905.   On August 28, 1905, the said judge made and entered an order further extending the time to and including September 6, 1905.   It appears, also, that neither the defendant nor his attorney served any notice on the district attorney of defendant's intention to present a bill of exceptions for settlement, nor made, presented, or filed any affidavit of any kind whatever with the judge of said court or with the district attorney showing any necessity or reason for any extension of time within which to present or file said bill of exceptions, nor was any notice given to the district attorney by the defendant or by his attorney of any intention to apply for an order extending the time within which to present and file a bill of exceptions, nor was the district attorney given any opportunity to oppose, by affidavit or otherwise, such extension of time as granted by the said court.   On September 6, 1905, the defendant in the action presented and filed his proposed bill of exceptions with the clerk, but at no time prior thereto had the district attorney notice of such intended presentation or filing with the clerk of said bill of exceptions.   Subsequently, to wit, on September 22, 1905, the said bill of exceptions was presented to the judge of said court and was placed upon the calendar, and, thereafter, the settlement thereof was postponed from time to time until October 23, 1905, on which day the dis-

trict attorney filed his affidavit objecting to the settlement of said proposed bill of exceptions, in which were set forth the facts above appearing. On November 15, 1905, the said court made an order overruling the objections made to the settlement and ordered "that the settlement of said bill of exceptions be placed on the calendar for hearing for Monday, November 20, 1905." Whereupon this proceeding was brought to prohibit the court from settling the said bill, it being alleged that the court will settle the same unless prohibited from so doing by this court.

The defendant made no counter-showing, by affidavit or otherwise, either at the hearing of the objections of the district attorney on November 15th or at the hearing of this petition; and at no time during any of said proceedings did defendant make or offer any excuse for his failure to present his bill of exceptions for settlement as required by the statute. Prior to the filing of the information against the defendant, sections 1171 and 1174 of the Penal Code were amended by the legislature, materially changing the practice in some particulars relating to the preparation of bills of exceptions. (Stats. 1905, p. 761, c. 569.) Section 1171 requires notice in writing to be given the district attorney of the intended presentation of the bill to the judge, "at least two days before such presentation or delivery." "The judge must, immediately upon the draft being presented or delivered to him, designate a time for the settlement of the bill, and, if the parties are not present, require the clerk to notify them in writing of such date. The time so fixed must not be changed for inconvenience to a party, except upon good cause shown by affidavit of necessity therefor." Section 1174 provides that "the time specified in this section and section 1171 within which the draft of a bill of exceptions must be presented to the judge or delivered to the clerk, may be extended for a reasonable period by the trial judge, or, in his absence from the county or inability to act, by a justice of the supreme court, but only for good cause and upon affidavit showing the necessity therefor, presented upon written notice of at least two days to the adverse party, who shall have the right to file counter-affidavits. In no case can the time be extended by stipulation of the parties." These provisions are not found in the former statute. See code commissioner's note

in supplement to the codes, page 353, as to the object of the amendments. It is not pretended that the statute was complied with in this case.

It was held in an early case, *People* v. *Woppner,* 14 Cal. 437 (followed in *People* v. *Lee,* 14 Cal. 510 , *People* v. *Sprague,* 53 Cal. 422, *Brown* v. *Prewett,* 94 Cal. 502, [29 Pac. 951], and perhaps others), "that the statute directing the statement or bill of exceptions to be settled within ten days, and signed by the judge, in a criminal case, was directory merely." In *Brown* v. *Prewett* it was conceded "that the judge of the superior court has the power to settle a bill of exceptions in a criminal case presented after the ten days prescribed by the statute, and after such additional time as may have been granted by him, or by a justice of this court, and even in a case like this, where it is presented long after the lapse of the statutory time, and no effort has been made to procure an extension." It was also held that it is the duty of the judge to settle the bill so presented, "if the failure to comply with the statute is shown to have been unavoidable or excusable." The court said, however, that the "rule, though directory, was intended to be enforced in proper cases, and it is the duty of the court to uphold it. It was meant to avoid unnecessary delays and to enable the judges to settle bills of exceptions while the facts are fresh in their memory." It was also said that the rule is inconsistent with the notion "that a defendant in a criminal action, after appealing and giving bail pending the appeal, can take his own time in bringing the appeal to a hearing." The court said, if not presented within the statutory time, "the bill may still be settled if the court, in the exercise of its discretion, finds that the delay is excused. But if the delay is not excused, the court not only may, but ought to, deny the application."

The statute now is much more explicit than when these cases were decided, and introduces some additional and material requirements. It now provides that the time can be extended "only for good cause and upon affidavit showing the necessity therefor, presented upon written notice of at least two days to the adverse party, who shall have the right to file counter-affidavits." The code commissioner, in his note, says: "The design of the amendment to these sections is to bring about, as far as possible, an avoidance of the delay now

so common in getting criminal cases to a hearing in the supreme court, and to require bills of exceptions in criminal cases to be settled as expeditiously as is compatible with the circumstances of the case.'' Even under the former statute, and in the cases first announcing the rule in criminal cases (*People* v. *Woppner,* 14 Cal. 437, and *People* v. *Lee,* 14 Cal. 510), it was said: ''But though the statute is only directory to the judge, it is not on that account to be the less observed by him,'' and it was held that the defendant must show good and sufficient excuse for his failure to prepare his bill. Said the court: ''When such excuse is shown, the judge should settle the bill; otherwise not.'' In the case of *People* v. *Sprague, supra,* the trial judge refused to settle the bill, for the reason, among others, that the defendant had not served the statutory notice on the district attorney. The supreme court, on appeal, affirmed the order. The court said: ''When it is intended to apply for the settlement of the bill of exceptions after the expiration of the statutory period, the two days' notice should be given to the district attorney: First, because section 1171 of the Penal Code requires such notice, whenever a bill of exceptions shall be presented or filed; and, second, because that officer should have an opportunity not only to prepare amendments to the draft-bill, but also to contradict the statements in the affidavits on which the application is based, or otherwise to prove that unnecessary delay has occurred.''

It was objected, to the first extension of time given by the court—first, that the time in which the bill must be presented to the judge can be extended only for good cause and upon affidavit showing the necessity therefor; and, second, that there must be written notice of at least two days given to the adverse party when an extension of time is sought, and in no case can the time be extended by stipulation. To the second extension the same objections are made as to the first extension above mentioned, and further, that the time given in the first extension had expired and the court lost jurisdiction to make any further order extending the time. The case of *Brown* v. *Prewett, supra,* seems to hold that under the former statute jurisdiction is not lost to settle a bill or to extend the time within which to settle it, although the statutory period has expired before the bill is presented or an exten-

sion of time has been asked. The question was there treated as one of discretion, and its abuse or nonabuse, rather than one of power. The present statute introduces additional requirements which we cannot hold to be merely directory. The judge may extend the time "for a reasonable period," but the statute expressly provides that he may do this "only for good cause and upon affidavit showing the necessity therefor," on notice to the district attorney, "who shall have the right to file counter-affidavits." And the right of the parties to stipulate for further time is expressly taken away. If the judge can, in the ex parte manner here shown, grant extensions of time without requiring the defendant to conform in any particular to the provisions of the statute, we might as well have no statute; the whole subject would be at large and the procedure absolutely nullified. The statute is a reasonable one and imposes no hardships and its constitutionality is not questioned. In holding that the time within which the bill must be presented was directory, the court heretofore gave, for the benefit of the defendant in a criminal case, a different interpretation to the then statute from that given to like provisions in the Code of Civil Procedure. But we do not think the reasons expressed for the departure in that particular in the early cases mentioned can be so applied as to justify the utter disregard of all the present existing legislative directions. To do so would be equivalent to the court's substituting its own procedure for that prescribed by statute. This would be far beyond the rightful exercise of power by the court whose function it is to interpret and enforce the law, not to enact it or annul it.

We think it was clearly the duty of the court to have refused to settle the bill or fix a definite time when it would do so. Had the court refused, it is certain the defendant could not, under the facts shown, have compelled it by *mandamus.* To have obtained the benefit of such writ he would have been required to show compliance with the statute or have shown good cause for not having done so, thus having brought the case within the jurisdiction of the court to exercise the power given it by the statute. We can conceive of no circumstances under which the defendant would not at least be able to show why he should be excused for failure to comply with the statute. If he fails to do this much, he fails

to give the court jurisdiction to extend his time. It was admitted by defendant's counsel at the argument that the procedure laid down in the statute "is absolutely necessary to be taken by defendant to give him an absolute right to have the bill settled." But it is claimed that it was nevertheless within the discretion of the court, "after hearing the whole matter, to make the order setting down the bill for settlement and giving the district attorney time in which to file his amendments to the bill"; that the people had the right of appeal under subdivision 5, section 1238, of the Penal Code, and therefore prohibition will not lie. We cannot concur in this view of sections 1171 and 1174, and must hold that when a defendant, in a criminal action, seeks to obtain an extension of time within which to have his bill of exceptions settled, he must proceed substantially as directed by the statute. Doing this the judge is then clothed with discretion and his action would be disturbed only where its abuse is made to appear. (*Brown* v. *Prewett, supra.*)

Let the peremptory writ of prohibition issue.

Buckles, J., and McLaughlin, J., concurred.