[Crim. No. 60. Third Appellate District.—February 17, 1908.]

THE PEOPLE, Respondent, v. H. C. SIMMONS, Appellant.

CRIMINAL LAW—BILL OF EXCEPTIONS—EXTENSION OF TIME FOR SETTLEMENT.—The court cannot, under section 1174 of the Penal Code as amended in 1895, extend the time in which the defendant in a criminal case may serve his draft of a bill of exceptions, unless good cause is shown therefor upon affidavit, and in no case can the time be extended by the stipulation of the parties. The terms of the statute cannot be disregarded or treated as merely directory; and where the statute is not complied with, the court cannot consider or settle the proposed bill of exceptions of the defendant.

ID.—ATTORNEYS FOR DEFENDANT CHARGEABLE WITH KNOWLEDGE OF LAW.—The attorneys of the defendant are chargeable with knowledge of the law, and no effect can be given to an affidavit by one

of them that they believed they were acting within the purview of the law in relying upon an unauthorized order and a stipulation forbidden by law.

ID.—REQUESTED INSTRUCTIONS INCLUDED IN CHARGE.—The law does not require tautology, and it was not error to refuse instructions requested by the defendant which were almost literally and substantially embodied in the charge of the court.

ID.—REQUESTS PRESUMED INAPPLICABLE.—Requested instructions refused by the court may be presumed inapplicable to the evidence if it is not presented in the record.

ID.—MODIFICATION OF INSTRUCTION AS TO THREATS.—*Held,* that a requested instruction as to threats, as modified by the court, was as favorable to the defendant as he was entitled to.

ID.—INSTRUCTION AS TO CIRCUMSTANTIAL EVIDENCE.—It was not prejudicially erroneous to instruct the jury that "there is nothing in the nature of circumstantial evidence that renders it any less reliable than any other class of evidence," where, considered with other instructions, it could only be understood as meaning that circumstantial evidence is just as reliable as any other kind, if it convinces the jury of defendant's guilt to a moral certainty and beyond a reasonable doubt.

ID.—MOTION FOR RELIEF UNDER SECTION 473.—Upon a motion for relief under section 473 of the Code of Civil Procedure, facts must be stated justifying such relief; and the court is not concerned with the legal opinion of the affiant that his neglect is excusable. A misunderstanding or misconstruction of the law cannot excuse default.

ID.—MURDER—APPEAL—REVIEW OF INSTRUCTIONS—EVIDENCE NOT IN RECORD.—Where the evidence is not contained in the record upon appeal by the defendant from a judgment of conviction of murder in the first degree, the action of the trial court in giving and refusing instructions must be viewed in the light of any conceivable evidence.

ID.—INSTRUCTION AS TO MORAL CERTAINTY AND REASONABLE DOUBT.—An instruction as to reasonable doubt to the effect that conviction beyond possible doubt is not required, but only moral certainty is required, producing conviction in an unprejudiced mind, and that if the jury are satisfied beyond a reasonable doubt of the guilt of the defendant there should be a verdict of conviction, was proper. It in effect instructed the jury that they must be satisfied to a moral certainty, and beyond a reasonable doubt, of the guilt of the defendant in order to convict him.

APPEALS from a judgment of the Superior Court of Mendocino County, and from an order refusing to settle a bill of exceptions. J. Q. White, Judge.

The facts are stated in the opinion of the court.

Weldon & Held, for Appellant.

U. S. Webb, Attorney General, for Respondent.

BURNETT, J.—There are two appeals in the case upon separate records—one from an order refusing to settle a bill of exceptions and denying and refusing to grant the motion of defendant to be relieved from the objection of plaintiff that defendant's proposed bill of exceptions was not presented in time, and the other from the judgment of life imprisonment upon conviction of murder in the first degree with that penalty fixed by the jury.

In this opinion we shall consider the questions arising in both appeals.

1. Judgment was entered against defendant on October 2, 1906; the court on the same day made an order granting defendant thirty days in addition to the time allowed by law in which to prepare, serve, file and present his bill of exceptions; on November 10th and before the expiration of the time theretofore allowed, the district attorney entered into a stipulation with the attorney for defendant that the latter should have to and including December 11th to present his bill of exceptions; on December 8th defendant gave notice that on December 10th he would present his bill to the judge; on December 10th said bill was duly presented and thereupon the district attorney objected to the settlement upon the ground that the said proposed bill of exceptions was not presented "within the time required by law as expressed in sections 1171 and 1174 of the Penal Code, nor was the same delivered to the clerk for the judge within said time; nor was the time expressed in said sections extended by any order of any court or any judge." The defendant then made application on affidavits to be relieved from said objection of the district attorney. These affidavits were made by the attorneys for defendant, and they set out the facts above stated and that the order of the judge extending time was made in open court in presence of the district attorney who made no objection, and that affiants "solely and implicitly

7 Cal. App.—36

relied upon the said extension of time so given by said stipulation and the order of the court, and did believe that by compliance therewith the presentation of said proposed bill of exceptions would be made in due time, and did believe that said order and stipulation waived the necessity of securing such extension by the presentation of affidavits and that the securing of such affidavits and other steps prescribed by said sections 1171 and 1174 were not necessary where the attorney for plaintiff consented to such extension of time.'' The district attorney filed a counter-affidavit presenting the additional fact that the said order of the court was made without any showing by affidavit or otherwise of any good cause therefor and without any notice being served upon the district attorney and that he neither assented to nor objected to the granting of said time to said defendant and that no other order was ever made by any court or judge extending said time.

The court denied defendant's application and refused to settle any bill of exceptions.

Said section 1174 as amended in 1905 provides that ''The time specified in this section and section 1171 within which the draft of a bill of exceptions must be presented to the judge or delivered to the clerk may be extended for a reasonable period by the trial judge . . . but only for good cause and upon affidavit showing the necessity therefor, presented upon written notice of at least two days to the adverse party, who shall have the right to file counter-affidavits. In no case can the time be extended by the stipulation of the parties.''

Here the order extending the time was made, as we have seen, by the judge without any affidavit having been filed and without any notice having been given to the adverse party. Again, the proposed bill was presented not within the period covered by the order but some time thereafter, upon the theory that there was an extension by virtue of the stipulation. To uphold appellant's contention that the bill should have been settled would be to disregard the plain provision of the statute. The significance of said provision was considered and determined by this court in the case of *People* v. *Bliss,* 3 Cal. App. 162, [84 Pac. 676].

In that case it was said: "The present statute introduces additional requirements which we cannot hold to be merely directory. . . . But it is claimed that it was nevertheless within the discretion of the court 'after hearing the whole matter, to make the order setting down the bill for settlement and giving the district attorney time in which to file his amendments to the bill.' We cannot concur in this view of sections 1171 and 1174 and must hold that when a defendant in a criminal action seeks to obtain an extension of time within which to have his bill of exceptions settled, he must proceed substantially as directed by the statute. Doing this the judge is then clothed with discretion and his action would be disturbed only where its abuse is made to appear."

There is no pretense that appellant complied with the requirement of said statute, hence the court below had no authority to consider the proposed bill of exceptions.

But if it were a matter of discretion and the court had jurisdiction to relieve the appellant of his default it could not be said that there was any abuse of said discretion. There is nothing in the affidavits of the attorneys for appellant to show that they were not familiar with the requirements of the law. It must be presumed that they had knowledge of the procedure to be taken in order to secure an extension of time in which to prepare their proposed bill. Knowing the law they departed from its plain provisions at their peril. We might surmise that the amendment to said section 1174 had escaped the attention of counsel, but we must base our decision upon the record as we find it. No effect can be given to the statement in one of the affidavits that counsel in view of the said order and stipulation believed that they were acting within the purview of the law, as a misunderstanding or misconstruction of the statute cannot excuse default. (*Chase* v. *Swain,* 9 Cal. 130; *Thompson* v. *Harlow,* 150 Ind. 455, [50 N. E. 474].)

Neither can the affidavits be aided by the recital in the motion that it would be made "on the ground of mistake, inadvertence, surprise and excusable neglect of defendant and his counsel herein." Facts must be presented from which the court reaches the conclusion that the relief should be granted; the court is not concerned with the opinion of

affiant that his neglect is excusable. (*Sherman* v. *Jorgensen,* 106 Cal. 485, [39 Pac. 863].)

2. The action of the trial court in giving and refusing instructions is the only question to be considered on the appeal from the judgment. The action of the court must be viewed in the light of any conceivable evidence against defendant as the evidence actually received is not in the record. (*People* v. *Clark,* 121 Cal. 634, [54 Pac. 147].)

Complaint is made that the court erred in giving the following instruction: "The prosecution is not required to establish the guilt of the defendant beyond any possible doubt. All that is required is moral certainty,—that is, that degree of proof which produces conviction in an unprejudiced mind; and if from the evidence in this case the jury are satisfied beyond a reasonable doubt of the guilt of the defendant, then your verdict should be one of conviction." The criticism of appellant is as follows: "Our contention is that not only must the jury be satisfied beyond a reasonable doubt, but to a moral certainty, before they can convict." It is hard to understand how a juror can be satisfied beyond a "reasonable doubt" and not to a "moral certainty" of the guilt of defendant, but conceding a difference, it is without significance as the jury must have understood from the instructions as a whole that they must be satisfied to a *moral certainty* and *beyond a reasonable doubt* of the guilt of the defendant in order to convict him.

There was no error committed by the court in its refusal to give the following instruction: "If after consideration of the whole case any juror should entertain a reasonable doubt of the guilt of the defendant it is the duty of such juror so entertaining such doubt not to vote for a verdict of guilty, nor to be influenced in so voting for the single reason that a majority of the jury should be in favor of a verdict of guilty." It was fully covered by other instructions given by the court. In fact, the court fully and repeatedly charged the jurors that they must be convinced of defendant's guilt beyond a reasonable doubt or else it was their duty to acquit. For instance: "I charge you, gentlemen of the jury, that there must be in your minds an abiding conviction to a moral certainty of the truth of the charge derived from a comparison and consideration of all the evidence and you

must be satisfied of the truth of the accusation against the defendant to a moral certainty and beyond a reasonable doubt, or your verdict must be not guilty.''

This instruction was addressed to all the jurors and any-one would be very obtuse indeed who did not understand from it that each individual juror could not vote for conviction under any circumstance unless he was satisfied of the guilt of the defendant to a moral certainty and beyond all reasonable doubt. The law does not require such tautology as is advocated by appellant.

As to the refusal of the court to give a proposed instruction upon circumstantial evidence, it is sufficient to say that it is substantially covered by other instructions and, besides, the general suggestion is applicable to this as to all the instructions refused, that it must be presumed that they were not pertinent to any fact shown by the evidence.

The instruction as to threats given as modified was as favorable to defendant as he was entitled to. The latter portion, that the threat could not be considered unless the jury believed that the act upon which the same was conditioned was done by the deceased, was properly rejected. The character of the threat may have been such and the condition upon which it was to be executed of such trivial importance as to show malice, even without any evidence whatever that the act upon which the threat was conditioned was performed by deceased. And besides, as suggested by respondent, an attempted performance by deceased of the condition would make the threat admissible while the proposed instruction required a complete performance.

Appellant complains of the following statement in one of the instructions given by the court: ''There is nothing in the nature of circumstantial evidence that renders it any less reliable than any other class of evidence.'' It is contended that this is in violation of the provision of the constitution which prohibits judges from charging juries with respect to matters of fact, and in support of the position *People* v. *Vereseneckockockhoff*, 129 Cal. 511, [62 Pac. 111], *People* v. *O'Brien,* 130 Cal. 8, [62 Pac. 297], and *Estate of Blake,* 136 Cal. 311, [89 Am. St. Rep. 135, 68 Pac. 827], are cited. The Vereseneckockockhoff case, however, goes much beyond the case at bar, as will be seen from the following quotation:

"The court enlarged upon the necessity of a resort to such circumstantial evidence in order to punish crime and protect the community and said: 'Providence, the laws of nature and the relation of things are so linked and combined together that a medium of proof is often furnished leading to conclusions as strong as those arising from direct testimony.' And again: 'Circumstantial evidence has this great advantage, that various circumstances from various sources are not likely to be fabricated.' " It will be readily seen also upon examination that the instructions condemned in the other two cases are materially different from what we have here.

On the contrary, in reference to an instruction containing the same statement, the supreme court, in *People* v. *Wilder,* 134 Cal. 184, [66 Pac. 229], declares: "It may be said that as to this instruction containing a declaration of law there may be grave doubt, but as to the statements there contained not being prejudicially erroneous there is no doubt. *People* v. *Vereseneckockockhoff* does not go to the length of holding such an instruction reversible error."

The ruling was the same in the case of *People* v. *Howard,* 135 Cal. 266, [67 Pac. 148]. But, assuming that the prosecution relied partly or wholly upon circumstantial evidence for a conviction, we think it was proper for the court to tell the jury that they might base their verdict upon circumstantial evidence as well as upon direct evidence; in other words, that there is nothing in its nature that renders it any less reliable than any other class of evidence. Considered with other instructions it could only be understood as meaning that circumstantial evidence is just as reliable as any other kind if it convinces the jury of defendant's guilt to a moral certainty and beyond a reasonable doubt.

We have examined the record carefully and find no error.

The order refusing to settle the bill of exceptions and to relieve appellant of his default is affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 16, 1908.