[Crim. No. 72.   Third Appellate District.—June 24, 1908.]

THE PEOPLE, Plaintiff, v. LUTHER EVERETT, Defendant. THE PEOPLE, Petitioner, v. A. I. McSORLEY, Judge of the Superior Court of Calaveras County, Respondent.

PROHIBITION—SETTLEMENT OF BILL OF EXCEPTIONS IN CRIMINAL CASE— JURISDICTIONAL REQUIREMENTS NOT OBEYED—REMEDY BY APPEAL. The writ of prohibition will not lie to prevent the settlement of a bill of exceptions in a criminal case, notwithstanding the jurisdictional requirements prescribed in section 1174 of the Penal Code were not complied with, since the petitioner for the writ has an adequate remedy by appeal.

ID.—RELIEF TO DEFENDANT FROM DEFAULT—EXCUSABLE NEGLECT—DIS-
CRETION OF COURT.—The court had discretion, under section 473 of
the Code of Civil Procedure, upon proper affidavits, showing ex-
cusable neglect, to relieve the defendant from his default in fail-
ing to comply with the requirement of the statute in presenting
the bill of exceptions.

APPLICATION for a writ of prohibition to A. I. Mc-
Sorley, Judge of the Superior Court of Calaveras County.

The facts are stated in the opinion of the court.

James Keith, District Attorney, for Petitioner.

Solinsky & Wehe, John Hancock, Snyder & Snyder, and
C. E. McLaughlin, for Respondent.

BURNETT, J.—This is a proceeding instituted by the dis-
trict attorney of Calaveras county to secure a writ of pro-
hibition restraining the judge of the superior court of said
county from settling a bill of exceptions in the above-entitled
cause.

The application is based upon the ground that the said
judge extended the time within which defendant might pre-
pare and present his bill beyond the statutory period, and
that "neither the defendant nor his counsel, nor any person
in his behalf, either made, or presented or. filed, as required
by section 1174 of the Penal Code, any affidavit of any kind
or character with the Judge of the said Superior Court or
with the District Attorney, or with any person for said
Judge, showing any necessity or reason for any extension
of time within which to prepare and present said bill of
exceptions, and that neither the defendant nor his counsel,
nor any person on his behalf notified or served upon the
District Attorney any notice of any kind or character at
any time prior or subsequent to the securing of the order
extending the time in which to prepare and present said
bill of exceptions."

There were three separate orders made, the first extending
the time for thirty, the second for ten additional, and the
third for four more days, and the bill was actually pre-
sented twenty-three days after the statutory period had ex-

pired. Section 1174 of the Penal Code provides: "The time specified in this section and section eleven hundred and seventy-one, within which the draft of a bill of exceptions must be presented to the judge or delivered to the clerk, may be extended for a reasonable period by the trial judge, or in his absence from the county or inability to act, by a justice of the Supreme Court, but only for good cause and upon affidavit showing the necessity therefor, presented upon written notice of at least two days to the adverse party who shall have the right to file counter-affidavits."

The contention of respondent is that there was a substantial compliance with the requirement of the statute, in that the district attorney was present in court and consented to the continuance, and that good cause was shown to the court, although not by affidavit, why the order should be made. It is asserted that the requirement that the district attorney be given two days' notice is for the protection of this official, and that the affidavit is for the benefit of the court, and that an opportunity to make a timely objection, if no advantage is taken of it, constitutes a waiver of these requirements.

It was held, however, by this court, in *People* v. *Blis,* 3 Cal. App. 162, [84 Pac. 676], and *People* v. *Simmons,* 7 Cal. App. 559, [95 Pac. 48], that these requirements are jurisdictional. If so, they cannot be waived, and it is well settled that jurisdiction cannot be conferred by consent.

In *People* v. *Soto, ante,* p. 322, [96 Pac. 913], Mr. Justice Taggart, of the district court of appeal of the second district, expresses a somewhat different view, in which Presiding Justice Allen concurs, as follows: "The court being in session, the counsel for the respective parties being present, and the district attorney making a statement of the facts relative to the possibility of having the record of the proceedings upon the trial transcribed in time to prepare the bill, this was a statement of fact which the court was entitled to consider as a showing of cause and equivalent to the affidavit required by section 1174. The district attorney being present and consenting to the order when there was still abundant time for the defendant to comply with the statutory provision as to service of notice was a waiver of service of notice and gave the court jurisdiction."

My own judgment, however, yields assent rather to the views expressed in the concurring opinion of Mr. Justice Shaw.

To say that in that case or in this there was a substantial compliance with the provisions of the statute is to declare, it seems to me, that the opinion of the judge as to what is necessary to give the court jurisdiction is to be substituted for the will of the legislature, and the latter did not mean what its plain language imports. This would be a judicial usurpation of the legislative function. The requirements are simple, within the legislative authority, are provided for a wise purpose, and they should be observed.

But it has been held that prohibition is not the proper remedy.

As pointed out in the said concurring opinion in the Soto case, *supra,* petitioner has an adequate remedy by appeal. (*Lindley* v. *Superior Court,* 141 Cal. 220, [74 Pac. 765]; *Cross* v. *Superior Court,* 2 Cal. App. 342, [83 Pac. 815]; *Hayes* v. *Board of Trustees etc.,* 6 Cal. App. 420, [92 Pac. 492].)

Again, basing its action upon affidavits filed on behalf of defendant, the court made an order relieving him of his default, as provided in section 473 of the Code of Civil Procedure.

It was held in the Soto case, *supra,* that said section is applicable to proceedings of this character, and while the neglect of defendant to comply with the requirement of the statute in presenting the bill of exceptions is manifest, we cannot say it was inexcusable or that the trial court abused its discretion in setting aside the default.

The alternative writ is dismissed and the petition denied.

Hart, J., concurred.

CHIPMAN, P. J., Concurring.—I concur.

In *People* v. *Blis,* 3 Cal. App. 162, [84 Pac. 676], the question as to whether prohibition is the appropriate remedy in such a case as this was not pressed nor was it seriously considered by the court. The main object of both parties was to obtain a construction of the statute for the first time brought to the attention of the appellate court.

There is a growing disposition, which should not be encouraged, to take advantage of original writs, notwithstanding that by an appeal a plain, speedy and adequate remedy is furnished.

There are no special or peculiar circumstances in the present case which should take it out of the operation of the rule governing the issuance of the writ.