## THE PEOPLE *v*. COLLAZO.

### APPEAL from the District Court of Guayama.

No. 406.—Decided April 30, 1912.

CRIMINAL LAW—STATEMENT OF CASE—EXCESSIVE EXTENSION OF TIME—ABUSE OF DISCRETION.—The approval of a statement of the case 4 months and 24 days after the judgment was rendered cannot be held to be an abuse of discretion in view of the fact that it was done with the consent of the *fiscal* for the district and that the extension although too long has not caused any injustice. It is possible that the trial court may have known of potent reasons for delaying so long the approval of the statement of the case. No objection having been made in the court below to such approval and no motion having been made in this court to strike the same from the record, said document has full legal effect.

The facts are stated in the opinion.

*Mr. Manuel A. Martínez Dávila* for appellant.

*Mr. Charles E. Foote, fiscal,* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from a sentence of the District Court of Guayama in a case of seduction. The appellant was sentenced to five years in the penitentiary at hard labor. The information set up that Benito Collazo, in the ward of Carite of Guayama on the first day of the month of November, voluntarily and maliciously seduced, under promise of marriage, María Hernández, a young woman theretofore reputed chaste, having sexual intercourse with her.

On December 18, 1911, the record was filed in this court and contains a statement of the case. The *fiscal* asks us to disregard this statement because it was signed four months and twenty-four days after the judgment was pronounced. He maintains that the court committed an abuse of discretion in extending the time so long, when the only reason alleged for the extension was, first, the professional engagements of the attorney of the appellant, and afterwards the vacation of the court. It would seem to be a sufficient answer in a criminal case that the delays took place with the consent of the *fiscal* of the District Court of Guayama, but the matter has another aspect.

The *fiscal* cites us to four California cases, namely: *People v. Woppner,* 14 Cal., 437; *People v. Lee,* 14 Cal., 510; *People v. Sprague,* 53 Cal., 422; *Brown v. Prewett,* 94 Cal., 502. The first two are only authority to the effect that the time for settling a bill of exceptions is directory and not mandatory. The other two cases substantially decide that the extension of the time beyond the term fixed by law is a matter within the discretion of the court and that the refusal to extend will not be reviewed unless an abuse of discretion is shown. No case has been cited to us and we doubt if one can be found in which the exercise of such discretion in favor of a convicted person

has been held to be an abuse of discretion. Indeed, in the case of *People* v. *Sprague,* 55 Cal., 424, *supra,* the court says:

"When the record is before us we will not inquire into the reasons which may have induced his (the judge's) action in signing the same (the bill or statement) after the statutory period, but presume that they were sufficient."

Short of a showing that a judge is corrupt we doubt if any appellate court would find an abuse of discretion in the action of a trial court in granting a postponement in almost any kind of a case. The abuse of discretion must be such as would cause an injustice. *Pedro Mas et al.* v. *Borinquen Sugar Co.,* judgment of this court of April 26, 1912. The court below may have known other reasons for a delay, but in any event the action of the court in permitting a convicted man to have his case reviewed cannot be called an injustice.

Furthermore, we find the record before us with this statement of the case contained therein. There was no objection or opposition in the court below and no motion made here to strike out such statement. Under such circumstances, following the principle of rule 58, the application should be denied in any event.

On the merits, however, we find ample proof to sustain the conviction. The prosecuting witness is María Hernández. Her story is full and she is corroborated by several witnesses in all the essential averments of the information. The record discloses no error and the judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, del Toro and Aldrey concurred.