## THE PEOPLE *v.* WOPPNER.

In criminal cases, it is fatal error to give oral instructions to the jury, without consent of defendant, whether in the first instance, or after the jury has returned into Court for further instructions.

In criminal cases, the statute requiring a statement, or bill of exceptions, to be made within ten days after trial, is directory, and the defendant is not precluded of his rights by failure of the Judge to settle or sign the statement within the time.

APPEAL from the Fourth District.

*Hoge & Wilson,* for Appellant.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

The defendant was convicted of the crime of murder. The main error relied on by him to reverse the judgment is, that the Court, without the consent of the defendant, gave to the jury an oral charge after they had returned into Court for further information in respect to the law.

This charge is not found in any bill of exceptions or statements of the Judge below, but it is agreed by stipulation, that the charge was so given, reserving, however, the point whether, as no statement or bill of exceptions was presented to the Judge within ten days, this Court can notice the point.

We think that the statute directing a statement to be made within ten days, and signed by the Judge in a criminal case, is directory merely. The phraseology is different from that of the Practice Act, in reference to like provisions in civil cases, and the reason of the rule is likewise different. It would be holding the rule with great rigor to hold a prisoner absolutely concluded of his rights by the failure of the Judge to settle or sign a statement within a limited time. This has been expressly ruled in *People* v. *Martin*, (6 Cal. 478.) There is nothing in the objection that the statute only requires the charges or instructions which are given in the course of the trial, and before the jury retires, to be given in writing. The statute must be construed beneficially and liberally, to answer its evident object. There would be but little reason in the rule, if the Court could re-recall a jury at pleasure, and instruct them orally as to the various matters of law involved. Indeed, the policy of the rule

is especially subserved by requiring the instructions or information on the return of the jury to be in writing; for the fact that the jury returns and ask further information, in a majority of cases, would imply that they did not understand clearly the first charges or instructions, and the most important of the charge, probably, in such a state of things, would be those asked by the jury—the reply of the Judge to the request of the jury, being, in no few instances, decisive of the prisoner's fate.

We have repeatedly decided—as the statute plainly is—that the giving of instructions orally is a fatal error. (8 Cal. 241; Id. 423, and several recent cases; *People* v. *Ah Fong* among them.)

It is not necessary to notice other errors assigned, as the impanneling of the jury, etc. as they will not probably recur on another trial, if there be anything in them.

Judgment reversed, and cause remanded for new trial.

See *People* v. *Lee*, (*post.*)