## PEOPLE *v.* ALBERT LEE.

THE statute directing the statement or bill of exceptions, in criminal cases, to be settled within ten days and signed by the Judge, is directory.

But defendant must prepare and tender his statement or bill within the ten days, or such further time as may be granted by the District Judge, or a Judge of the Supreme Court, or give sufficient excuse for his failure so to do. Such excuse being shown, the bill should be signed, otherwise not.

This Court will not inquire into the reasons which induced the District Judge to sign the bill after the statutory period, but will presume they were sufficient.

Statement and bill of exceptions in the statute on this subject, mean the same thing.

When the Judge cannot be found, the proposed statement or bill in a criminal case may be delivered to the Clerk of the Court for him—the Clerk's office being the proper place for the deposit of papers for the Judge in his absence from his chambers. The Clerk should minute on the document the date of its receipt and hand it to the Judge at the earliest convenient opportunity.

In *People* v. *Woppner*, (*ante*,) it was admitted that the statement was correct, and might be considered part of the record, provided the Judge had the power to sign it after the ten days.

In this case, *mandamus* issued to settle the bill first, and then to sign it.

APPEAL from the Fourth District.

*George Barstow,* for the writ.

*A. Campbell,* contra.

FIELD, C. J. delivered the opinion of the Court—COPE, J. and BALDWIN, J. concurring.

This is an application for a *mandamus,* to be directed to the District Judge of the Fourth Judicial District, commanding him to sign the bill of exceptions filed with the Clerk; and the facts upon which the application is based are briefly these: After the conviction of the defendant, the statutory time for the preparation of a bill of exceptions was extended until and including the 3d day of December, 1859. On this last day, an effort was made to find the Judge, in order to present to him the bill prepared, and for that purpose inquiries were made at the Court-House, at his chambers, and at his place of residence, but without success. The counsel for the defendant thereupon filed the bill with the Clerk of the Court. Subsequently—on the 31st of December— upon ascertaining that the bill had not been signed, the counsel, upon notice to the District Attorney, presented it for signature. The Judge declined to sign the same, giving as his reason that

he had no authority to do so, after the expiration of the period to which the statutory time had been extended. Hence the present application.

The counsel for the defendant relies, as decisive authority, upon the case of *The People* v. *Woppner,* (*ante.*) In that case, it was admitted that the statement was correct, and might be regarded as part of the record, provided it was within the power of the Judge to sign the same, upon a presentation to him, after the expiration of the ten days allowed by statute. The statement was treated by the Court as if, in fact, it had been signed, and the objection as interposed that it constituted no part of the record because tendered too late. We held that the statute, directing the statement or bill of exceptions (for these terms are used as meaning the same thing,) to be settled within ten days and signed by the Judge, in a criminal case, was directory merely, observing that it would be giving great rigor to the rule, to hold a prisoner absolutely concluded of his rights by the failure of a Judge to settle or sign a statement within a limited time. We adhere to the opinion thus expressed. It never could have been intended by the Legislature that the prisoner should be deprived, by circumstances over which he had no control, of the benefit of the exceptions taken by him in the progress of his trial. The Judge of the Court may be absent at the time the bill is ready for presentation, and it may be impossible to communicate with any Judge of the Supreme Court. A variety of circumstances—even where the utmost diligence has been exercised—may prevent the settlement and signature. The destruction by fire or other accident, of the records, the sickness or death of counsel or Judge, may intervene. To hold that the rights of the prisoner would be absolutely lost, under circumstances of this nature, would be to sink the evident spirit and intent of the statute into an observance of its mere letter. But though the statute is only directory upon the Judge, it is not on that account to be the less observed by him. It was intended to prevent delays, and to require the preparation and settlement, whilst the evidence and rulings of the Court are fresh in the recollection of the Judge and counsel. For that purpose the defendant must prepare his bill and tender it within the time designated, or such additional time as may be granted by the

District Judge, or a Judge of the Supreme Court, or give a good and sufficient excuse for his failure to do so. When such excuse is shown, the Judge should settle and sign the bill, otherwise not. When the record is before us we will not inquire into the reasons which may have induced his action in signing the same after the statutory period, but will presume they were sufficient. The power exists with the Judge independent of the statute—the latter only prescribes a general limitation within which his power should be exercised, unless good excuse—having in view the object of the statutory provision—be exhibited. The statute is in this respect not unlike a rule of Court to be enforced to advance the ends of justice, and not to prevent their attainment.

In the present case the bill was filed with the Clerk on the last day of the extended time, and the excuse offered, of inability to find the Judge, was reasonable and sufficient. Indeed, we are of opinion that the proposed statement or bill in a criminal case may, whenever the Judge is not found, for its presentation to him personally, be delivered to the Clerk of the Court for him. The Clerk's office is the proper place for the deposit of papers for the Judge, in his absence from his chambers. The Clerk should minute on the document the date of its receipt, and hand it to the Judge at the earliest convenient opportunity.

The *mandamus* will issue, not to sign the bill filed by the defendant absolutely, but to sign the same after it has been duly settled. It will, of course, be corrected in all particulars essential to the proper exhibition of the exceptions actually taken.

Ordered accordingly.