{S. F. No. 2788. In Bank.— November 27, 1901.]

HENRY I. KOWALSKY, Petitioner, v. FRANK H. KERRIGAN, Judge of Superior Court, Respondent.

MANDAMUS—SETTLEMENT OF BILL OF EXCEPTIONS—DISMISSAL OF MOTION FOR NEW TRIAL—FAILURE OF MOVING PARTY—CONFLICTING EVIDENCE.— *Mandamus* will not lie to compel the trial judge to settle a bill of exceptions upon an order dismissing a motion for a new trial, where it was within the province of the judge to dismiss the motion and to refuse to settle the bill on the ground that the bill and amendments were not presented to the clerk for the judge within the statutory period, and that the evidence on the question of such failure is conflicting.

ID.—PROVINCE OF TRIAL JUDGE.— It is the province of the trial judge, in the first instance, to determine all questions of fact which arise in connection with the settlement of a statement or bill of exceptions, and his determination of the facts will not be disturbed in this court, except upon a clear showing of error, mistake, or abuse of discretion.

PETITION for writ of mandate to a Judge of the Superior Court of the City and County of San Francisco to settle a bill of exceptions.    Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

H. I. Kowalsky, and A. A. Sanderson, for Petitioner.

J. S. Reid, and William R. Jost, for Respondent.

THE COURT.—This is an original petition here for a writ of *mandamus* to require the defendant, as judge, to settle a certain bill of exceptions.

In an action entitled *Reed* v. *Kowalsky* (the petitioner herein), a judgment had been rendered in defendant's court in favor of plaintiff therein, and the court had dismissed a proceeding instituted therein by petitioner for a new trial, and this present petition is for a writ of *mandamus* to compel the judge to settle a bill of exceptions to the order dismissing the motion for a new trial.

The defendant refused to settle the bill, upon the ground that it, together with amendments thereto, had not been delivered to the clerk of the court for the judge within the statutory period.    It is the province of the trial judge, in the first instance, to determine all questions of fact which arise in connection with the settlement of a statement or bill of exceptions, and in such case his determination of the facts will not be disturbed here, except upon a clear showing of his error, mistake, or abuse of discretion.    In the case at bar, evidence was taken in this court on the issue whether the bill and amendments were delivered to the clerk before or after the expiration of the time allowed by law, and the most that can be said on the subject, favorable to the petitioner's contention, is, that the evidence on the question was conflicting.    There is no such showing as would warrant us in setting aside the action of the judge in the premises.

The prayer of the petitioner is denied and the proceeding dismissed.

Garoutte, J., did not participate in the foregoing.

Rehearing denied.