DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF WYOMING

[APRIL TERM, 1909.]

## HAWLEY ET AL. v. LECLAIR.
### (No. 593.)

BILL OF EXCEPTIONS—PRESENTATION FOR ALLOWANCE—PRESENTING
AFTER COMMENCEMENT OF APPELLATE PROCEEDING—FILING—FILING
WITH THE CLERK AS A PRESENTATION.

1. Where a bill of exceptions has been presented for allowance within the time granted for that purpose, it is not invalidated by the fact that before its presentation or allowance the proceeding in error in which it is required was commenced.

2. A bill of exceptions prepared and presented within the time granted may be taken under consideration by the court or judge and allowed and signed afterwards, for it is not necessary that the act of allowance or signing occur within the time granted and limited for reducing the exceptions to writing and presenting the same for allowance. In such case it is equally proper to date the allowance as of the time when the bill was presented, or to state the true date of the allowance on the face of the bill.

3. Where a bill of exceptions had been endorsed as filed on the date of its presentation for allowance, and it was afterwards allowed as of the same date, but not refiled, though retained in the clerk's office; Held, that an order

denying a motion to strike the bill from the files would not be reversed on the ground that the bill was not refiled after its allowance, since the only result would be the remanding of the proceedings with instructions to refile the bill as of the date of allowance.

4. A court may by a standing rule provide that in case of the absence of the judge from the county, bills of exceptions may be left with the clerk of court for the court or judge within the time allowed, or, without such a rule, the judge may in a particular case direct or authorize a presentation of the bill to him in that manner in case he should be absent from the county, and a bill presented in conformity with such a rule or direction may be properly considered, allowed and signed by the court or judge.

5. A bill of exceptions was left by plaintiff with the clerk of court within the time allowed for presenting the same, and was then marked filed by the clerk, the bill reciting that it was tendered to the judge and praying that it be settled, allowed, and signed by the judge, and made a part of the record in the cause, and the bill was afterwards allowed and signed. A bill taken by the defendant on the overruling of his motion to strike the bill from the files recited that during the last 15 days of the period allowed plaintiff for presenting his bill the trial judge was absent from the county, that on the last day of such period the bill was filed with the clerk, and that at the time it was allowed and signed the judge held that the filing of the bill with the clerk was a presentation for allowance within the proper time. *Held*, that upon the recitals in defendant's bill it could not be assumed that plaintiff's bill had been filed with the clerk without previous understanding with or direction by the judge, but that it must be presumed, in the absence of an affirmative showing to the contrary, that the facts were such as would authorize the judge to treat the filing of the bill with the clerk as a due presentation thereof.

[Decided July 8, 1909.]                    (102 Pac. 850.)

ERROR to the District Court, Fremont County, HON. CHARLES E. CARPENTER, Judge.

The facts are stated in the opinion.

*E. H. Fourt*, for plaintiffs in error.

An order denying a motion to strike a bill of exceptions from the files is a final order. (62 O. St. 202; Baxter v.

Coughlin, 80 Minn. 322; Rev. Stat. 1899, Sec. 4227.) A
bill must be filed after allowance and is no part of the
record until allowed and made such by proper order. (Sec.
3743.) The statute does not provide for depositing a bill
with the clerk, but it must be presented to the court or
the judge. (Sec. 3743; Sterling v. Wagner, 31 Pac.
1032.) The most that can be said for the plaintiff's bill
is that it was presented on the first day of the term, which
was after the period allowed. (McBride v. Ry. Co., 3 Wyo.
183; Roy v. U. M. Co., 3 Wyo. 417; Howard v. Bowman,
23 Pac. 68; Conway v. Smith Merc. Co., 44 Pac. 940;
Harpending v. Height, 39 Cal. 199.) A bill that is not
presented within the time allowed cannot be considered.
(Cantillon v. Miller, 78 Pac. 295; Schwartz v. Davis, 74
Pac. 800; Sandstrom v. Smith, 84 Pac. 1060; State v.
DeBogue, 73 Pac. 76; State v. Dyck, 75 Pac. 488.) The
bill was filed without authority of law and such filing did
not constitute a presentation to the court or judge, and
when it was allowed the time for presenting it had ex-
pired, leaving the court without jurisdiction in the premises.
(Miller v. Inv. Co., 83 Pac. 289; Van Why v. S. Pac. Co.,
7 Pac. 485; Lamson v. Hayes, 82 Pac. 473; Morgan v.
Thompson, 9 Pac. 564; Evans v. Baggs, 13 Pac. 207; Jen-
nison v. Boos, id. 230; Newmark v. Marks, 28 Pac. 960;
Rice v. West, 33 Pac. 706; Earle v. Dresser, 30 Ind. 11;
Winter v. People, 51 Pac. 1006; Buela Marble Co. v.
Dickson, 56 Pac. 814; Bell v. Munsy, 57 Pac. 488; Dun
v. Travis, 26 Pac. 247.)

*Stone, Winslow & Gudmundsen,* for defendant in error.

Plaintiffs in error have failed to cite authority sustaining
their procedure, and have failed to show what was before
the trial court at the time it acted upon the motion. The
bill of exceptions which was the subject of the motion
below was not made a part of the record in this case, and
hence there is nothing in the record to show the condition
of the bill at the time of the motion and the ruling thereon.
The petition in error of the plaintiff below was filed in this

court April 13, 1908, and the motion to strike the bill was filed in the District Court June 13, 1908. At that time the District Court had no jurisdiction to entertain the motion, the cause having been removed to this court by proceeding in error. (3 Ency. Pl. & Pr. 499; Oliver v. Town, 24 Wis. 512; Tollensen v. Gunderson, 1 Wis. 110.) After appellate jurisdiction has attached the only jurisdiction remaining in the lower court is to settle the bill. (3 Ency. Pl. & Pr. 462.) The settlement and signing of a bill is a determination by the trial judge that the proceedings preliminary thereto were regular. (Bergenthal v. Friebrantz, 48 Wis. 435; 3 Ency. Pl. & Pr. 513.) The filing mark properly shows the date of the presentation. (Swem v. Green, 9 Colo. 361; 3 Ency. Pl. & Pr. 486.) When the bill is seasonably tendered it is not invalidated by the failure of the judge to sign until after the time for presentation has expired. (3 Ency. Pl. & Pr. 374; Nilson v. Morse, 52 Wis. 240.) The bill having been signed and become part of the record, cannot be impeached by a subsequent certificate of the judge. (Dedric v. Hodson, 62 Ia. 566; Fuller v. Twine Co., 39 Kan. 492; Dufresne v. Weise, 46 Wis. 290.) Contrary to the record, counsel for plaintiff in error says that the bill was merely deposited with the clerk and not presented to the judge. That would be a proper practice in the absence of the judge. (Fechheimer v. Trounstiene (Colo.), 20 Pac. 704; People v. Lee, 14 Cal. 51.) And there seems to be no reason why the judge might not by specific direction make the clerk his agent to receive the bill, and if the judge then receives and accepts it as of the date delivered to the clerk, his action will be within the statute and the rights of the litigants preserved. (Reay v. Butler, 69 Cal. 572; Flynn v. Cottle, 47 Cal. 527.)

POTTER, CHIEF JUSTICE.

This is a proceeding in error for the review of an order of the District Court in Fremont County overruling a motion of the plaintiffs in error to strike from the files the bill of exceptions of the defendant in error. The plaintiffs

in error were defendants below and upon a trial of the cause recovered judgment against defendant in error, the plaintiff below.    In further referring to the parties the plaintiffs in error will be referred to as defendants, and the defendant in error as the plaintiff. Upon the overruling of the plaintiff's motion for a new trial an order was entered granting him until and including April 15, 1908, within which to reduce to writing, prepare, present and file his bill of exceptions.    Thereafter the plaintiff prepared and procured the allowance of a bill of exceptions upon which is endorsed over the signature of the trial judge the following:    "Presented to the court this 15th day of April A. D. 1908 and taken under consideration."    The bill is also endorsed by the clerk of said District Court as filed April 15, 1908.    Near the close of the bill and immediately preceding the certificate of the judge allowing it appears a statement that within the time provided by law and fixed by the order of the court the plaintiff presents and tenders to the judge "this his bill of exceptions."    Following that statement is a prayer that said bill be settled, allowed and signed by the judge before whom the cause was tried and made a part of the record of said cause.    Immediately following such prayer is a statement signed by the judge in these words:    "Presented to me this 15th day of April A. D. 1908."    The certificate of the judge showing the settlement and allowance of the bill is dated April 15, 1908, and recites that the bill was reduced to writing within the time provided by law and allowed by the court for that purpose, and that it was then before the said judge on motion of the attorneys for the plaintiff that the same be settled, allowed and signed and made a part of the record in said cause.

In the bill of exceptions taken by the defendants upon the order overruling their motion to strike the plaintiff's bill the following facts are stated:    That the plaintiff, having prepared his bill of exceptions, filed the same in the office of the clerk of said court on April 15, 1908, and that the clerk endorsed the same as filed on said day; that the

judge was absent from Fremont County from and after April 1, 1908, until June 10, 1908, when the regular June term of said court convened, and the judge at that time being present, "the judge of said court allowed, signed and settled said bill of exceptions as of the date of April 15, A. D. 1908, the day when the same was filed in the office of the clerk of this court, said judge holding that, in his absence from said county, the filing of said bill of exceptions in the office of the clerk of said court was a presentation to him for allowance within the proper time." It thus appears that plaintiff's bill was actually settled, allowed and signed on June 10, 1908, although the date of such allowance is stated on the face of the bill as April 15, 1908, the date when it had been left with the clerk and marked filed by him, and that the judge regarded and accepted the filing or deposit of the bill with the clerk as a due and proper presentation to him for allowance. It is not shown that the defendants interposed an objection to the bill or its consideration at or prior to the time of its allowance, or that they excepted to the ruling then made that the bill had been duly and properly presented for allowance. The only exception to be considered, therefore, is that taken to the overruling of the motion to strike the bill from the files.

The motion was filed on June 13, 1908, and was based upon the following grounds: (1) That prior to the date when the bill was filed in the office of the clerk the plaintiff had filed his petition in error in the Supreme Court and procured the issuance of a summons in error. (2) That at the time the bill was filed it had not been presented to the court or judge and had not been allowed or signed or ordered to be made a part of the record. The summons in error served upon defendants, which had been issued in the proceeding in error instituted by the plaintiff, was attached to the motion, but there does not appear to have been any evidence, by affidavit or otherwise, introduced upon the hearing of the motion. The facts as to the allowance and signing of the bill on June 10, 1908, the absence

of the judge after April 1, and his holding with reference
to the due presentation of plaintiff's bill, are not stated in
the bill of defendants as evidence produced on the hear-
ing of the motion, but the recital of such facts precedes the
statement of the filing and ruling upon the motion, and
was intended apparently to show what had occurred pre-
vious to the filing of the motion with reference to the al-
lowed bill.    The motion seems, therefore, to have been
heard and determined upon the record, and the facts sup-
posedly within the knowledge of the court and the parties.

The only objections to the bill here insisted on are that
it was improperly filed before its allowance, and that the
deposit or filing of the bill with the clerk did not consti-
tute a presentation to the judge or court, and that the bill
was therefore not presented until June 10, 1908, which
was after the time allowed.    It is clear that the first ground
of the motion was not well taken, for under our practice
the fact that the bill had not been reduced to writing, or
presented or allowed, prior to the commencement of the
plaintiff's proceeding in error in this court to review the
final judgment in the cause would not invalidate the bill,
if it was in fact prepared and presented within the time
that had been allowed for that purpose.    (3 Cyc. 38; 3
Ency. Pl. & Pr. 482.)

The point that the bill was improperly filed when first
left with the clerk on April 15, 1908, had become purely
technical at the time the motion to strike was filed, since
the bill had in the meantime been allowed and signed, and
if it had been reduced to writing and presented for allow-
ance within the time granted it could have been refiled with
or without an order therefor.    When a bill has been pre-
pared and presented within the time granted, it may be
taken under consideration by the court or judge and al-
lowed and signed afterwards, for it is not necessary that
the act of allowance and signing occur within the time
granted and limited for reducing the exceptions to writ-
ing and presenting the same for allowance.    The judge
therefore could properly have stated the true date of the

allowance upon the face of the bill without invalidating
it, but it was equally proper to date the allowance as of
the time when the bill had been presented. Technically,
the bill ought to have been refiled after its allowance, but
the old filing mark seems to have been retained, probably
under the supposition that the fact of dating the allowance
as of April 15, 1908, rendered another filing endorsement
unnecessary. Upon the facts here, we would not be inclined
to reverse the order of the court overruling the motion on
the ground that the bill·was not refiled after allowance,
since the only result would be to remand the proceeding
with instructions to refile the bill as of June 10, 1908.

The question of the due presentation of the bill to the
judge for allowance is a more serious one. In the first
place, it is doubtful whether the motion challenged the bill
upon the ground that it had not been duly presented. The
only ground of the motion under which the question can
possibly arise is stated in the motion as follows: "That
at the time of the filing of the said bill of exceptions in
the District Court the same had not been presented to the
court or. to the judge thereof in vacation and had not been
allowed, signed or sealed or ordered to be made a part
of the record by the said District Court or the judge there-
of." This might be understood, we think, as questioning
merely the propriety or validity of filing the bill prior to
its presentation and allowance. But as the bill taken by
the defendants recites that the filing of the bill with the
clerk was held to be a presentation to the judge, it may be
assumed that there was no further presentation within the
time granted; and, from the recital of that fact, it may
be inferred, we think, that the sufficiency of the presenta-
tion of the bill within the time limited was suggested upon
the hearing of the motion and decided by the court adversely
to the contentions of the defendants.

There seems to be some conflict in the authorities upon
the question whether, in the absence of the judge from
the county in which the cause is pending or has been deter-
mined, a bill may, in the absence of a statute or rule

authorizing it, be presented for allowance by leaving the same with the clerk of court. It would seem that even where such a practice is permissible a bill ought not merely to be filed at the time it is left with the clerk, but that it should be left with him for delivery to the judge.

In People v. Lee, 14 Cal. 510, it was held that where a bill of exceptions was filed with the clerk on the last day of the time allowed for presentation, for the reason that the party was unable to find the judge, it amounted to a presentation of the bill. In that case an effort had been made to find the judge in order to present to him the prepared bill and, the judge not being found, the bill was filed with the clerk. Subsequently, upon ascertaining that the bill had not been signed, counsel for the party in whose behalf the bill had been prepared obtained the bill and upon notice to opposing counsel presented the bill to the judge for his signature. The judge declined to sign it, upon the ground that he had no authority to do so after the expiration of the period which had been allowed for the presentation of the bill. In a mandamus proceeding the judge was required to sign the bill.

In Fechheimer v. Trounsteine (Colo.), 20 Pac. 704, it was said in substance that where the presiding judge is absent from the state the tender to him of a bill cannot conveniently be made, and, the party being in no way responsible for the judge's absence, should not be prejudiced thereby, and therefore in such case if the bill be deposited within the time fixed with the clerk of the court, such act, together with the endorsement thereon by the clerk of the fact and date thereof, would be held sufficient to protect whatever rights the litigant would otherwise have in the premises.

In a subsequent case before the Court of Appeals of Colorado (Bradbury v. Alden, 57 Pac. 490), it was held that where a party deposits his bill of exceptions with the clerk of the trial court, with the endorsement thereon by the clerk of the fact and date of the deposit, within the time fixed by statute or the order of the court, the judge

being absent from the city where the court was held, such act constituted a sufficient tender of the bill, though the bill was not actually signed by the judge within the time fixed.

It has, however, been held by some other courts that a deposit or filing of the bill with the clerk, even in the absence of the judge from the county or place where the court is held, is insufficient to constitute a due presentation of the bill, that is to say, that a presentation of the bill to the clerk is not equivalent to its presentation to the judge. (Johnson-Wynne Co. v. Wright, 28 App. Cas. (D. C.) 375; Forsythe v. Huey (Ky.), 74 S. W. 1088.) In the case cited from District of Columbia it was said: "The claim that presentation of the proposed bill of exceptions to the clerk of the court is equivalent to its presentation to the justice presiding on the trial is not supportable. The clerk has nothing to do with the bill of exceptions, save to file the same as a part of the record of the case after it shall have been signed and settled by the justice. If the clerk receives the unsettled bill, though in the absence of the justice, he does it as the agent of the party, and not of the justice." The court, however, said further: "Possibly the justice might direct delivery to the clerk in a particular case, and treat the same as a presentation to him."

In Costello v. Ferrarini, 165 Fed. 379, a draft of a bill of exceptions had been filed in the clerk's office, and upon the next day, which was within the time granted for the preparation of the bill, the clerk presented the same to the judge, who endorsed upon it the fact of its presentation to him at that time. This was held sufficient, the court saying: "It is immaterial whether the draft bill came to the judge from the hand of the plaintiff, his attorney, or a messenger. If, through the plaintiff's good fortune, the clerk voluntarily became his messenger, and brought the draft bill to the judge's attention, the plaintiff came fully within the requirements of Rule 17. It may be well, however, to suggest that it is exceedingly doubtful if any obligation is placed upon the clerk of the court to present bills of excep-

tions filed with him to the trial judge. It is the duty of counsel to see that this is done, and reliance upon the clerk to perform this duty for them involves serious risk of non-compliance with the rule."

In California, whenever a question arises upon appeal as to whether a bill has been filed or presented within the proper time, it is held that it is the province of the trial judge, in the first place, to determine all questions of fact which arise in connection with the settlement of a bill of exceptions; and that his determination of the facts will not be disturbed, except upon a clear showing of his error, mistake, or abuse of discretion. (Kowalsky v. Kerrigan (Cal.), 66 Pac. 850; Miller v. Am. Cent. Ins. Co. (Cal.), 83 Pac. 289.) In the case last cited the court said: "Whether a party has exercised due diligence in causing a bill of exceptions to be engrossed after it is settled, or in presenting it to the judge for his signature, after it has been engrossed, is to be determined by the judge under the circumstances of each case; and his determination thereon is so largely a matter of discretion that, unless it is made to appear that he has abused his discretion, his determination will be accepted as correct and conclusive."

Our statute requires that exceptions must not only be reduced to writing within the time fixed, but that the same must be presented to the court, or the judge thereof in vacation, within the time given for allowance. (Rev. Stat. 1899, Sec 3743.) And the same section provides that when a bill has been allowed and signed it shall be filed with the pleadings as a part of the record. It is perhaps unnecessary to decide in this case whether the mere absence of the trial judge from the county where the case was tried would render a filing or deposit of a bill with the clerk of the court a sufficient presentation of the bill to the court or judge. But we think it proper to say that, unless the statute or a rule of court has authorized such a presentation, or the judge has directed in a particular case that the bill may be so presented, it is at least doubtful whether the act of a party or his counsel in leaving or filing an unsettled

bill with the clerk would be a sufficient presentation of the bill to the court or judge to require or justify its subsequent consideration and allowance.  We are, however, of the opinion that a court may by a standing rule provide that in case of the absence of the judge from the county bills of exceptions may be left with the clerk of the court for the court or judge within the time allowed, and that without such a rule the judge may in a particular case direct or authorize a presentation of the bill to him in that manner in case he should be absent from the county; and the court or judge would, we think, have authority to allow and sign a bill presented in conformity with such a rule or direction.

The defendants, plaintiffs in error here, are alleging error in the ruling of the court denying their motion to strike the bill of exceptions in controversy from the files.  Error is not to be presumed, but it must be apparent upon the record. It is recited that during the last fifteen days of the period allowed the plaintiff for reducing to writing and presenting his exceptions the trial judge was absent from the county where the cause was tried and determined; that on the last day of such period the bill was filed with the clerk of the court; and that at the time the bill was allowed and signed the judge held that the filing of the bill with the clerk was a presentation to him for allowance within the proper time.  Moreover, the bill itself at the time it was filed contained a statement that it was tendered as the plaintiff's bill of exceptions to the judge of said court, and that statement was followed by a prayer that said bill be settled, allowed and signed by the judge and made a part of the record in the cause.  It fairly appears, therefore, that the filing of the bill at the time it was left with the clerk was for the purpose of presenting the same to the judge for allowance; that such act was within the time allowed for the preparation and presentation of the exceptions; and that the judge was then and had been for at least two weeks continually absent from the county.  The precise question before us, therefore, is whether it is to be assumed from

the recitals in the bill taken by the defendants that the bill in controversy was filed with the clerk without any previous understanding with the judge or direction by him for the presentation of the bill in that manner during his absence from the county. We do not think that this court has the right to decide the case upon such a presumption. In order to justify a reversal of the order complained of, error should affirmatively appear. The mere fact is stated that the judge held that the filing of the bill with the clerk constituted a presentation thereof to him. Whether or not there had been any previous understanding, authority or direction that the bill should be so presented, is not stated, and hence we are of the opinion that it must be presumed that the facts were such as would authorize the judge to treat the filing of the bill with the clerk as a due presentation of the same to him. The question is different from the one that would have been involved had the judge refused to sign and allow the bill upon the ground that it had not been duly presented. In such case it would have been the duty of the complaining party to show the existence of all the facts necessary to establish a due presentation of the bill.

For the reasons stated, we are of the opinion that the record fails to show error in denying the motion to strike the bill of exceptions and the order complained of will, therefore, be affirmed.                                *Affirmed.*

BEARD, J., and SCOTT, J., concur.