EL PUEBLO v. COLLAZO.

APELACIÓN procedente de la Corte de Distrito de Guayama.

No. 406.—Resuelto en abril 30, 1912.

DERECHO PENAL—EXPOSICIÓN DEL CASO—PRÓRROGA DEMASIADO LARGA—ABUSO DE DISCRECIÓN.—No constituye abuso de discreción en un caso criminal el aprobar una exposición del caso cuatro meses y veinte y cuatro días después de haberse pronunciado la sentencia, teniendo en cuenta que se hizo con el consentimiento del Fiscal del distrito y que no se ha cometido injusticia alguna con tal prórroga aunque sea demasiado larga.    Puede ser que la

corte sentenciadora tuviera conocimiento de causas poderosas para prorrogar tanto la aprobación de la exposición del caso. No habiendo sido impugnada dicha aprobación en la corte sentenciadora y no habiéndose solicitado en este tribunal su eliminación, dicho documento surte sus efectos legales.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. Manuel A. Martínez Dávila.

Abogado del apelado: Sr. Charles E. Foote, Fiscal.

EL JUEZ ASOCIADO.SR. WOLF, emitió la opinión del tribunal.

Este es un recurso de apelación contra una sentencia dictada por la Corte de Distrito de Guayama en una causa por seducción. El apelante fué condenado a cinco años de presidio con trabajos forzados. Se alega en la acusación que en los primeros días del mes de noviembre y en el barrio Carite, de Guayama, el acusado Benito Collazo, voluntaria y maliciosamente sedujo bajo promesa de matrimonio, a la joven María Hernández, que hasta entonces estaba reputada como pura, teniendo con ella contacto carnal.

En 18 de diciembre de 1911, se remitieron los autos a este tribunal, los que contienen una exposición del caso. El Fiscal solicita de este tribunal que no tome en consideración dicha exposición del caso por haber sido suscrita cuatro meses y veinte y cuatro días después de dictada la sentencia. Sostiene que la corte abusó de su discreción concediendo una prórroga tan larga, cuando la única razón que se alegó para dicha prórroga fué, en primer término, la de las ocupaciones profesionales del abogado del apelante, y en segundo lugar, las vacaciones de la corte. La alegación en una causa criminal de que las demoras ocurridas habían sido consentidas por el Fiscal de la Corte de Distrito de Guayama, parece ser una contestación suficiente, pero la cuestión tiene otro aspecto.

El fiscal nos cita cuatro casos de California, a saber:

People v. Woppner, 14 Cal., 437; People v. Lee, 14 Cal., 510; People v. Sprague, 53 Cal., 422; Brown v. Prewett, 94 Cal., 502. Los dos primeros casos constituyen autoridad solamente para demostrar que el tiempo en que debe aprobarse un pliego de excepciones es una cuestión más bien de carácter

directorio que mandatorio.  En los otros dos casos se resuelve
en sustancia que la prórroga que se hace fuera del término
fijado en el estatuto es una cuestión discrecional en la corte,
no pudiendo ser retirada la negativa de la corte a conceder
una prórroga, a menos que resulte que ha habido abuso de dis-
creción.  No se nos ha citado un solo caso y dudamos que pue-
da encontrarse alguno en el que se haya resuelto que el ejer-
cicio de tal discreción en favor de un acusado constituye abu-
so de discreción.  Verdaderamente que en el caso de *People*
v. *Sprague,* 55 Cal., 424, arriba citado, la corte se expresa co-
mo ·sigue:

"Cuando los autos están sometidos a nuestra consideración, no
investigaremos acerca de los motivos que indujeran al juez a firmar
dicho pliego o exposición después de transcurrido el término fijado
en el estatuto, sino que debemos presumir que dichos motivos fueron
suficientes."

Lejos de probar esto que el juez ha cometido una injusti-
cia, dudamos que ningún tribunal de apelación puede consi-
derar que una corte inferior comete abuso de discreción por-
que conceda una prórroga, cualquiera que sea el caso.  El
abuso de discreción debe ser tal que produzca una injusticia.
(*Más et al.* v. *Borinquen Sugar Co.,* 18 D. P. R., 304.)  La corte
inferior puede haber tenido conocimiento de los otros motivos
que originaron la demora, pero de ningún modo debe consi-
derarse como una injusticia la acción tomada por la corte per-
mitiendo que se revise el caso de un acusado.

Además, vemos que los autos que consideramos contienen
esta exposición.  Tampoco se formuló objeción alguna en la
corte inferior ni se presentó moción alguna ante este tribunal
para que se eliminara dicha exposición.  Bajo estas circuns-
tancias, y de acuerdo con el precedente establecido en la regla
58, debe de todos modos negarse la solicitud.

Encontramos, sin embargo, prueba suficiente en los méri-
tos del caso para sostener la sentencia condenatoria.

La denunciante es María Hernández. Su narración es completa y está corroborada por varios testigos en todas las alegaciones esenciales contenidas en la acusación. Los autos no revelan ningún error y debe confirmarse la sentencia.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, del Toro y Aldrey.