RIVERA ET AL., PETITIONERS, *v.* SEPÚLVEDA, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of Mandamus to the District Judge of Ponce in a Prosecution for Conspiracy.

No. 158.—Decided May 4, 1917.

STATEMENT OF CASE—BILL OF EXCEPTIONS—RULES OF DISTRICT COURTS.—The purport of rule 17 of the district courts in criminal cases is to consider the bill of exceptions and statement of the case identical as to the time within which they should be filed; for it is evident that if ten days is a reasonable time for filing a bill of exceptions, it is also a reasonable time for filing the statement of the case when no motion is made for an extension of time.

ID.—ID.—DISCRETION OF COURT.—The district courts have discretional power to allow an appellant in a criminal action to file the bill of exceptions and statement of the case after the statutory time has elapsed, for the limitation is directory in character.

ID.—ID.—DILIGENCE OF DEFENDANT.—The position of a defendant in a criminal case, in which his life or liberty is involved, is very different from that of one in a case where mere property rights are concerned, and the courts are inclined to be liberal when the appellant, upon failing to comply with the requirement of filing the bill of exceptions or statement of the case in time, shows that he is in some degree entitled to the indulgence of the court.

APPEAL—DISCRETION OF COURT.—Appellate courts are extremely reluctant to reverse a case on the ground of an abuse of discretion, unless a bad motive is shown or a fundamental right is involved and the appellate court is in the same position as the trial court and practically has the same opportunities for judging the situation.

ID.—REVIEW ON MERITS—DILIGENCE.—When it clearly appears that a defendant would be deprived of a review of his case on the merits; that at least some attempt was made by his attorney to comply with the rules of procedure, and that he sped his case and showed no desire to retard the same, the concurrence of all these elements is a sufficient showing that the defendant exercised diligence.

The facts are stated in the opinion.

*Mr. Cayetano Coll y Cuchí* for the petitioners.

*Mr. Jaime Sifre, Fiscal* at large, for the respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

The object of this application for mandamus is to require the District Court of Ponce to approve a statement of a case in a criminal appeal. The petitioners were convicted of a crime in the said district court on July 29, 1916. On August 11 the said petitioners made an application for and obtained an order granting an extension of time of twenty days to file their said statement; and the said statement was filed in the office of the secretary on August 24, 1916. The court set August 29 for an examination of the same, which date was postponed until September 6 at the instance of the appellants. On the said 6th of September, 1916, the *fiscal* filed a motion asking that the bill of exceptions and statement of the case be eliminated from the record, because the extension of time of twenty days granted on August 11 was made at a time when the original ten days allowed by the law had expired. The court granted the motion for the following reasons: (*a*) Because in criminal cases the statement of the case should be prepared and filed in the office of the secretary within ten days after the judgment is rendered, or within the extended period granted according to the law; (*b*) because an extension of time asked for and granted after the expiration of the ten days fixed by the law for filing the statement of the case or bill of exceptions is null and void; (*c*) because although a district court has power, authority and discretion to settle a bill of exceptions or statement of the case filed after the expiration of the time allowed, it is when it is shown that the failure to file the same was not due to inexcusable negligence, which was not shown in this case.

A motion for reconsideration was filed and an appeal was taken, but it is unnecessary to consider either step.

The petitioners maintain, first, that the law requires a bill of exceptions to be filed within ten days, but that no limitation is placed upon the statement of the case as such. We have always construed a bill or a statement as being identical

for purposes of this nature; and this is also the tendency in California, as evidenced by the case of *People* v. *Lee*, 14 Cal. 510. It is evident that if ten days is a reasonable time for filing a bill, it is, similarly, a reasonable time for filing the statement when no application for a postponement is duly made. Such is the purport of section 17 of the Rules of the District Courts in criminal cases.

As appears from the court's reasons for granting the motion of the *fiscal*, the court in a criminal appeal has a discretion to allow a statement or a bill to be filed after the statutory time has elapsed. In other words, the district courts have a discretion to relieve an appellant of the consequence of his failure to file in time. The court in this case refused to exercise its discretion because it found that the appellant had not exercised due diligence, and that no excusable negligence had been shown.

At the hearing on the motion in the district court it developed that the original attorney of the appellants resided in San Juan. On August 8, just barely within the ten days granted by the law, the said attorney sent a telegram to Ponce directed to Attorney Rivera Zayas asking him to obtain an extension. The telegram arrived at 8.45 P. M. Zayas was out of town and the telegram could not be delivered to him. The sender apparently was notified and told the telegraph office to deliver the telegram to Rivera Esbrí, one of the appellants in this case. Accordingly, on August 9 the telegraph office attempted to deliver to Rafael Rivera Esbrí, but the word "Lcdo." was left on the superscription and when the telegram was tendered to said appellant he thought that there was a mistake and that the telegram was intended for Rivera Zayas, but on trying to reach the latter found him out of town. The telegraph office on being called up informed the said appellant that the telegram was intended for him. Whereupon in the afternoon of August 9 the said appellant called up the office of Attorney Lastra Charriez and was informed that that attorney was out of town. Finally, on August 10,

1916, at half past four in the afternoon the appellant and Lastra came together and the motion for an extension was filed, it being then too late, as they thought, to file it in the office of the secretary it was filed the next morning and the court granted the extension as stated.

The principal contention of the appellants is that the action of the court in refusing to act on or accept the bill of exceptions and a statement of the case, under this state of facts, was an abuse of discretion. The words "abuse of discretion" have a particularly harsh sound when a reviewing court is asked to reverse on such a ground.

In *Murray* v. *Ruell,* 41 N. W. 1011, the court said:

"The term 'abuse of discretion,' exercised in any case by the trial court, as used in the decisions of courts and in the books, implying, in common parlance, a bad motive or wrong purpose, is not the most appropriate."

The courts are extremely reluctant to reverse a case on the ground of an abuse of discretion, and where a matter is peculiarly within the province of the trial court and involves the weighing of evidence or other conflict over facts between the parties before it, the reported cases of reversal are extremely few. Matters occurring during the trial, the weighing of evidence, the order of proof, leading questions, cross-examination and the like, are matters wherein the trial court is necessarily in a better position to solve a given problem than an appellate court could possibly be. And such would frequently be the case in a question of due diligence. Therefore, the courts have frequently said that they will not reverse unless something similar to a bad motive is shown. This court and other courts, however, have on rare occasions reversed for an abuse of discretion where the reviewing court is exactly in the same position as the trial court and has practically the same opportunities of judging the situation. The cases are almost invariably matters involving fundamental rights.

In *Mas* v. *Borinquen Sugar Co.*, 18 P. R. R. 305, the action of the court was tantamount to depriving the defendant of his day in court.

In *Gutiérrez* v. *Foix*, 23 P. R. R. 68, it was the refusal to modify a judgment, although in both of these cases the court also apparently refused to exercise its discretion.

In *Dyer* v. *Rossy*, 23 P. R. R. 718, the right of the petitioner to a speedy trial was involved.

In *Trelles et al.* v. *Rossy*, 22 P. R. R. 241, the action of the court in refusing to permit an intervention to protect rights of property was an abuse.

There was a fundamental right involved in this case and this court is substantially in the same position to judge the facts as was the court below. The power of the court to receive the statement of the case after the time had elapsed was ample, as the limitation of ten days is held to be directory, as shown in the following cases. The California courts, especially in criminal cases, have inclined to liberality on a fair showing by appellant. *People* v. *Woppner*, 14 Cal. 437; *People* v. *Lee*, 14 Cal. 510; *People* v. *White*, 34 Cal. 183; *Brown* v. *Prewett*, 94 Cal. 502; *People* v. *Almendares*, 136 Cal. 661.

In one respect we are not quite in the position of the trial court, inasmuch as the petitioners have not shown us the nature of the case for which they were convicted. It seems to be conceded, however, that the crime charged was an important one.

The court looked at the law which allows the appellant ten days from the date of the judgment and reached the conclusion that the appellants'attorney had exercised no diligence within that time. This is a consideration that cannot be gainsaid. The action of appellants' attorney in waiting until almost the last hour of the last day to ask for an extension of time was unjustifiable. In a civil case we should have small sympathy with an attorney who acted in a similar way. The attorney in this case ought either to have gone to Ponce person-

ally or satisfied himself that his associate counsel were acting for him. We have commented several times on the fact that counsel practising in one district must be alert and protect their interests in another, and cannot rely on others to do the work for them. The situation, however, of a defendant in a criminal case whose life or liberty is involved is very different from a case where mere property rights are involved. The duty of obtaining an extension in time is imperative, and we can easily imagine cases where we should do nothing to interfere with the discretion of the court below where it refused to admit a statement after the time granted by the statute.

On the other hand, the court in this case granted an extension of twenty days and, as we all know, a first extension of this kind is granted largely as a matter of course. The appellants took their appeal on the very day of the judgment. They showed no disposition to retard the appeal. On the contrary the statement of the case was in the hands of the judge for approval on August 24, 1916, less than a month from the date of the judgment, the 29th of July, 1916. This was good progress in the appeal and should have been taken into consideration by the court below. Perhaps the attorney for the petitioners relied on obtaining this extension as a matter of course. There was no lack of diligence in the sense of speeding the cause, but there was a failure formally to comply with the requirements of the law.

The principal considerations that cause us to grant the application for a mandamus are that it is an appeal in a criminal case; that the petitioners would be deprived of a review of their case on the merits; that at least some attempt was made by the attorney for the appellants to comply with the procedural rules, and that the petitioners otherwise were speeding their case. Without the concurrence of all these elements the issuance of the writ would be a doubtful matter, but reviewing the whole facts, we think there was a sufficient showing of diligence as to cause us to feel that the refusal to permit the

petitioners to have the facts reviewed would be unjust. The matter is partially within our peculiar province as it involves the completion of a record. We wish to add that the court below may have been misled by some of our pronouncements in civil appeals involving the approval of statements. In any event, we feel that the court, to facilitate a review of a trial and judgment so recently had, could have afforded to exercise its discretion liberally.

The writ should issue.

*Petition granted.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.