RIVERA ET AL., PETICIONARIOS, *v.* SEPÚLVEDA, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida un auto de *mandamus* al Juez de la Corte de Distrito de Ponce en causa por conspiración.

No. 158.—Resuelto en mayo 4, 1917.

EXPOSICIÓN DEL CASO—PLIEGO DE EXCEPCIONES—REGLAS DE LAS CORTES DE DISTRITO.—Es el propósito de la regla 17 del reglamento de las cortes de distrito en causas criminales considerar idénticos los pliegos de excepciones y de exposición del caso a los efectos del término dentro del cual deben presen-

tarse, pues es evidente que si diez días es un término razonable para la radicación de un pliego de excepciones, lo es también para la presentación del de exposición del caso cuando no existe solicitud pidiendo que se prorrogue.

ID.—ID.—Discreción Judicial—Facultades de las Cortes de Distrito.—Las cortes de distrito tienen facultad discrecional para permitir que un apelante en causa criminal presente los pliegos de excepciones y exposición del caso después de vencido el término prescrito por el estatuto, pues dicho término es de carácter preceptivo.

ID. — ID. — Falta de Radicarlos en Término — Diligencia del Acusado. — La situación de un acusado en una causa criminal en que está envuelta su vida o libertad es muy distinta a un caso en que meramente están envueltos derechos de propiedad, y las cortes se inclinan a ser liberales cuando el apelante, al dejar de cumplir el requisito de radicar en término el pliego de excepciones o de exposición del caso, demuestra ser en algo merecedor de la indulgencia de la corte.

Apelación—Abuso de Discreción.—Las cortes de apelación son completamente refractarias a revocar un caso por el fundamento de haber habido abuso de discreción a menos que se demuestre un mal motivo o cuando está envuelto un derecho fundamental y la corte de revisión está en la misma situación que la corte sentenciadora y tiene prácticamente la misma oportunidad para juzgar la situación.

ID.—Revisión Sobre los Méritos—Diligencia del Acusado.—Cuando claramente aparece que un acusado quedaría privado de que se revisara su causa sobre los méritos, que su abogado trató de algún modo de cumplir con las reglas de procedimiento y que aceleró su caso, no demostrando ningún deseo en demorar la apelación, la concurrencia de tales elementos demuestra de modo suficiente la diligencia del acusado.

Los hechos están expresados en la opinión.

Abogado de los peticionarios: *Sr. Cayetano Coll Cuchí.*

Abogado del demandado: *Sr. Jaime Sifre, Jr., Fiscal especial.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

El objeto de esta petición de *mandamus* es que se ordene a la Corte de Distrito de Ponce que apruebe una exposición del caso en una causa criminal. Los peticionarios fueron declarados culpables por un delito, el día 29 de julio de 1916. En 11 de agosto los peticionarios solicitaron y obtuvieron de la corte una prórroga de veinte días para presentar la exposición del caso, documento que fué radicado en secretaría en 24 de agosto, 1916. La corte señaló el día 29 de agosto para su examen, fecha que fué pospuesta para el 6 de septiembre

de 1916, a petición de los apelantes.   En dicho día 6 de septiembre, 1916, el fiscal presentó una moción solicitando que el pliego de excepciones y la exposición del caso fueran eliminados de los autos porque la prórroga de veinte días concedida en agosto 11 lo fué después de haber vencido los primeros diez días permitidos por la ley.   La corte concedió la moción del fiscal por las siguientes razones: (*a*) porque una exposición del caso en causas criminales debe prepararse y radicarse en secretaría dentro de los diez días subsiguientes al de dictarse la sentencia o dentro de la prórroga legalmente concedida para ello; (*b*) porque una prórroga solicitada y concedida después de haber expirado el término de diez días fijado por la ley para presentar la exposición del caso o pliego de excepciones, es nula; (*c*) porque si bien una corte de distrito tiene poder, autoridad y discreción para aprobar un pliego de excepciones o exposición del caso presentado fuera de tiempo, ello es cuando se demuestra que la misma no ha sido presentada por negligencia inevitable, lo cual no ha sucedido en este caso.

Los peticionarios presentaron entonces una moción de reconsideración de dicha resolución, la cual fué declarada sin lugar e interpusieron apelación, pero no es necesario que consideremos ninguna de estas medidas adoptadas por los peticionarios.

Los peticionarios sostienen en primer término, que la ley exige que el pliego de excepciones sea radicado dentro de diez días, pero que no fija término alguno para la exposición del caso como tal exposición.   Hemos considerado siempre como idénticos el pliego de excepciones y exposición del caso para fines de esta naturaleza, y esa es también la tendencia en California, como lo demuestra el caso de *People* v. *Lee,* 14 Cal. 510.   Es evidente que si diez días es un término razonable para la radicación de un pliego de excepciones asimismo es razonable dicho término para la presentación de una exposición cuando no se presenta debidamente una solicitud pidiendo que se prorrogue el referido término.   Tal es el

propósito de la regla 17 del reglamento de las cortes de distrito en causas criminales.

Según aparece de las razones que tuvo la corte para conceder la moción hecha por el fiscal, en una apelación criminal la corte tiene discreción para permitir que sea presentada una exposición de caso o pliego de excepciones después que ha vencido el término prescrito por el estatuto. En otras palabras, las cortes de distrito pueden ejercitar su discreción para librar a un apelante de las consecuencias a que puede dar lugar su omisión en presentar a tiempo dicho documento. En este caso la corte se negó a ejercitar su discreción por haber llegado a la conclusión de que los apelantes no ejercitaron la debida diligencia y porque no se demostró que la negligencia fué excusable.

Al celebrarse la vista de la moción en la corte de distrito, se hizo manifiesto el hecho de que el primitivo abogado de los apelantes residía en San Juan. En agosto 8, precisamente cuando iban a vencer los diez días concedidos por la ley, envió dicho abogado un telegrama a Ponce dirigido al abogado Rivera Zayas, manifestándole que solicitara una prórroga. El telegrama llegó a las 8:45 de la noche. El señor Rivera Zayas estaba fuera de la ciudad y no pudo, por tanto, entregársele el telegrama. Según parece fué notificado de esto el remitente del telegrama, quien indicó a la estación de telégrafos que entregara el telegrama a Rivera Esbrí, que es uno de los apelantes en este caso. Siguiendo estas instrucciones en 9 de agosto la estación de telégrafos trató de entregar el telegrama a Rafael Rivera Esbrí, pero como en el sobre se dejó la palabra "Lcdo.", al ser mostrado dicho telegrama al apelante éste creyó que había habido una equivocación y que era para el señor Zayas, pero cuando trató de buscarlo supo que estaba fuera de la población. Al ser llamada la estación de telégrafos ésta informó al apelante que el telegrama era para él. En vista de esto en la tarde del día 9 de agosto el apelante llamó a la oficina del abogado Lastra Charriez donde le informaron que dicho abogado no estaba

en la población.   Por último en 10 de agosto de 1916, y a las cuatro y media de la tarde, el apelante y el Señor Lastra tuvieron una entrevista redactándose entonces la moción de prórroga, y siendo demasiado tarde a juicio de éstos para presentarla a la secretaría la dejaron para el día siguiente que fué radicada y la corte concedió dicha prórroga como ya hemos dicho.

La alegación principal de los apelantes es que la corte al proceder así, negándose a tomar acción o a admitir el pliego de excepciones y la exposición, dentro de las circunstancias del caso, abusó de su discreción.   Las palabras "abuso de discreción" suenan algo duras cuando se pide a una corte de revisión que revoque la sentencia por tal fundamento.

En el caso de *Murray* v. *Buell,* 41 N. W. 1011, la corte se expresó en estos términos:

"La frase 'abuso de discreción' ejercitada en cualquier caso por la corte sentenciadora como ha sido usada en las decisiones y en los libros y que en el lenguaje corriente denota un mal motivo o propósito equivocado, no es la más adecuada."

Las cortes son completamente refractarias a revocar un caso por el fundamento de haber habido abuso de discreción y cuando un asunto está peculiarmente dentro de las facultades de la corte sentenciadora y envuelve el peso de la prueba u otro conflicto sobre los hechos entre las partes que se encuentran ante la misma, los casos de revocaciones que han sido publicados son muy pocos.   Los incidentes que ocurren durante el juicio, o sea, los relativos al peso de la prueba, orden de ésta, preguntas sugestivas, repreguntas y otras semejantes, son cuestiones acerca de las cuales la corte sentenciadora necesariamente está en mejores condiciones para resolver cualquier problema que se presente que aquella en que pudiera estar la corte de apelación.   Y ese sería con frecuencia el caso tratándose de la debida diligencia.   Por consiguiente, las cortes han dicho frecuentemente que no revocarán una sentencia a menos que se demuestre algo que sea pa-

recido a un mal motivo. Sin embargo, este tribunal y otros algunas veces han revocado por abuso de discreción cuando la corte de revisión está precisamente en la misma situación que la corte sentenciadora y tiene prácticamente las mismas oportunidades para juzgar la situación. Los casos son casi invariablemente sobre cuestiones que envuelven derechos fundamentales.

En el caso de *Mas* v. *Borinquen Sugar Co.,* 18 D. P. R. 304, la acción de la corte fué equivalente a privar al acusado de ser oído ante la corte.

En el caso de *Gutiérrez et al.,* v. *Foix et al.,* 23 D. P. R. 73, fué la negativa a modificar una sentencia, aunque en ambos de estos casos también se negó la corte a ejercitar su discreción.

En el caso de *Dyer* v. *Rossy,* 23 D. P. R. 772, estaba envuelto el derecho del peticionario a un juicio rápido.

En el de *Trelles et al.,* v. *Rossy,* 22 D. P. R. 258, la acción de la corte negándose a permitir una intervención en el procedimiento para proteger derechos de propiedad, constituyó un abuso de discreción.

Había un derecho fundamental envuelto en este caso y este tribunal está sustancialmente en la misma situación para juzgar los hechos que lo estuvo la corte sentenciadora. La facultad de la corte para recibir la exposición del caso después de haber expirado el término era amplia, pues se sostiene que la limitación de diez días es de carácter preceptivo como aparece de los casos que pasamos a citar. Las cortes de California, particularmente en casos criminales, se han inclinado a ser liberales cuando el apelante demuestra ser en algo merecedor a la indulgencia de la corte. *People* v. *Woppner,* 14 Cal. 437; *People* v. *Lee,* 14 Cal. 510; *People* v. *White,* 34 Cal. 183; *Brown* v. *Prewett,* 94 Cal. 502; *People* v. *Almendares,* 136 Cal. 661. En un sentido no estamos enteramente en igual situación que la corte sentenciadora, puesto que los peticionarios no nos han demostrado la naturaleza del caso por el cual fueron declarados culpables. Sin em-

bargo, se admite, según parece, que el delito imputado fué un delito importante.

La corte examinó la ley que concede al apelante diez días a partir de la fecha de la sentencia y llegó a la conclusión de que el abogado de los apelantes no ejercitó ninguna diligencia dentro de ese término. Esta es una consideración que no puede ser negada. El proceder del abogado de los apelantes esperando hasta casi el último día para solicitar una prórroga del término fué inexcusable. En un caso civil simpatizaríamos muy poco con un abogado que procediera en forma parecida. En este caso el abogado debió haber ido a Ponce personalmente o haberse convencido de que sus compañeros abogados estaban atendiendo al asunto por él. Varias veces hemos comentado acerca del hecho de que los abogados que postulan en un distrito deben estar al tanto y proteger sus intereses en otro distrito, y no deben confiar en que otras personas atiendan a sus trabajos. Sin embargo, la situación de un acusado en una causa criminal en que está envuelta su vida o libertad es muy distinta a un caso en que meramente están envueltos derechos de propiedad. El deber de obtener una prórroga dentro de tiempo es un deber imperativo y podemos fácilmente imaginarnos casos en los cuales no debemos hacer nada para intervenir con la discreción de la corte inferior cuando ésta se niega a admitir una exposición después de expirar el término fijado por el estatuto.

Por otra parte en este caso la corte concedió una prórroga de veinte días y como todos sabemos una primera prórroga como ésta se concede principalmente como cosa corriente. Los apelantes interpusieron una apelación el mismo día en que fué dictada la sentencia. No demostraron ningún deseo en demorar la apelación. Por el contrario, la exposición del caso estaba en poder del juez para su aprobación, el día 24 de agosto, 1916, o sea antes del mes a partir de la fecha de la sentencia que fué dictada el día 29 de julio, 1916. Esto fué un buen progreso en la apelación criminal y debió haber sido tomado en consideración por la corte inferior. Quizás

si el abogado de los peticionarios esperaba obtener esta pró-
rroga como cosa corriente. No hubo falta de diligencia en
el sentido de acelerar el caso, pero se dejó de cumplir for-
malmente con los requisitos de ley.

Las principales consideraciones que nos hacen conceder
la petición de *mandamus* son que ésta es una apelación en
causa criminal, que los peticionarios quedarían privados de
una revisión de su causa sobre los méritos, que por lo menos
el abogado de los apelantes trató de algún modo de cumplir
con las reglas de procedimiento, y que por otro lado los pe-
ticionarios aceleraban su caso. Sin la concurrencia de todos
estos elementos la cuestión relativa a la expedición del auto
sería dudosa, pero después de considerar todos los hechos
creemos quedó demostrado de modo suficiente la diligencia
para hacernos creer que la negativa de la corte a permitir que
sean revisados los hechos sería injusta. La cuestión está
en parte dentro de nuestras peculiares atribuciones, pues en-
vuelve el perfeccionamiento de cierta apelación pendiente ante
nosotros. Deseamos agregar que la corte inferior pudo ha-
ber sido inducida a error debido a algunas de nuestras deci-
siones en apelaciones civiles en las cuales la cuestión envuelta
es la aprobación de exposiciones. De todos modos creemos
que la corte con el fin de facilitar una revisión de un juicio
y de una sentencia dictada tan recientemente, pudo haber
ejercitado liberalmente su discreción.

Debe expedirse el auto de *mandamus*.

> *Con lugar la solicitud y ordenada la expe-
> dición de un auto perentorio de* mandamus.

Jueces concurrentes: Sres. Presidente Hernández y Aso-
dos del Toro, Aldrey y Hutchison.